MABEL E. McLEAN, Respondent, *v.* WILLIAM McKINLEY, Appellant.

First Department, June 9, 1953.

*John G. Reilly* of counsel (*Joseph Fennelly* with him on the brief; *Clarke & Reilly*, attorneys), for appellant.

*Edgar P. Feeley* (*Jacob Bachkoff* with him on the brief), for respondent.

PECK, P. J.  The accident in this case was an automobile collision at a country road intersection.  Plaintiff was driving south on a road which had a " STOP " sign twenty-five to thirty feet from the corner.  Defendant was driving west on a road which had a " SLOW " sign at the approach to the intersection.  At the center of the intersection, defendant's car struck plaintiff's car on the left side front.  Defendant's car was spun around into the opposite direction from which it was going and plaintiff's car ended up 100 feet off the road in a potato patch.

Defendant's negligence is not questioned.  He was obviously proceeding through the intersection, in disregard of the " SLOW " sign, at a considerable speed.  The speed at which plaintiff's car was going is questionable.  She testified that she stopped at the " STOP " sign, then started up and was going only ten miles an hour at the time of the accident.  Her father, who was a passenger in the car, verified her stopping at the " STOP " sign and judged that the car was going ten to twelve miles an hour when crossing the intersection.  Another passenger in the car did not recall either the " STOP " sign or any stopping and said that plaintiff's car was going around twenty miles an hour before the cars collided.  Defendant estimated the speed of plaintiff's car at thirty to thirty-five miles an hour.  In view of the distance which plaintiff's car traveled off the road and through a potato field, the indication is that her speed was in excess of that acknowledged.

The most pertinent factor bearing on the question of plaintiff's contributory negligence, however, is her admission that she did not stop at the corner and that at the point where she claimed to have stopped she could not see the road to the left because of a rise of the ground to the northeast corner.  She testified that when she reached the corner she could see fifty to sixty feet to the left and that she looked and saw no car coming; then as she approached the center of the intersection defendant's car suddenly appeared.  Before the Motor Vehicle Commissioner, she had testified, however, that she was ten feet from the corner when she saw defendant's automobile twenty-five to thirty feet east of the intersection.

Plaintiff's father testified that he first saw defendant's car when plaintiff's car was ten feet from the intersection.

There is considerable discussion between counsel on this appeal as to who had the right of way.  We will, for the purpose of giving plaintiff the benefit of every possible presumption and

fact in her favor, assume that she had the right of way. We are nevertheless unable to escape the conclusion that she was negligent and that her negligence contributed to causing the accident.

The purpose of a " STOP " sign is to require a vehicle approaching an intersection to stop at the corner or at least pause at a point where visibility is adequate to assure safety in undertaking the crossing. Stopping at the " STOP " sign is not what is intended, and in this case admittedly could not serve the purpose. Plaintiff did not stop at a point where she could see the road to her left, and if she had stopped or even paused at that point she could have avoided the accident. This is clear upon her admission before the Motor Vehicle Commissioner that she saw defendant's car approaching from the left when she was ten feet from the corner. She must have been going at a speed which did not allow her to stop within that ten feet plus a distance into the intersection.

The decision of the trial court in its finding that plaintiff was not guilty of contributory negligence must be set aside as against the weight of the evidence. As the trial was held before the court without a jury, this court should enter the judgment which the trial court should have entered (Civ. Prac. Act, § 584; *Globus Realty Corp.* v. *Fleetwood Terrace, Inc.*, 275 App. Div. 34). Accordingly, the judgment appealed from should be reversed and the complaint dismissed, with costs to appellant.

GLENNON, CALLAHAN and BREITEL, JJ., concur; COHN, J., dissents and votes to affirm.

Judgment reversed, with costs and judgment is directed to be entered in favor of the appellant dismissing the complaint herein, with costs. [See *post,* p. 858.]