WILLIE JOHNSON, an Infant, by JESSIE M. JOHNSON, His Guardian ad Litem, et al., Respondents, *v.* ROSE MATTUS, Individually and Doing Business under the Name of COLONY ICE CREAM Co., et al., Appellants.

First Department, April 12, 1960.

*James A. Doherty* for appellants.

*Benjamin H. Siff* of counsel (*Irving Nitzberg,* attorney), for respondents.

*Per Curiam.* Defendants appeal from a judgment in favor of the infant plaintiff for personal injuries and of the adult plaintiff for loss of services after a trial before a court without a jury.

At the trial it was claimed by plaintiffs that the infant — who was then seven years old — was injured on the afternoon of April 24, 1957 when he was struck by a truck — owned, controlled and driven, respectively, by the defendants — on East 100th Street between First and Second Avenues in the Borough of Manhattan, City of New York. The truck, which had been proceeding south along Second Avenue, had turned into East 100th Street — which was one-way eastbound — to proceed east-

ward to make a delivery on that street. Although East 100th Street was a play street for children, there is no question in this case — and the trial court properly found — that the truck driver had a right to be on that street since he had to make a delivery there.

According to the testimony of the infant plaintiff, who at the time of the trial was nine years old, he was standing on the roadway of 100th Street, about an arm's length from a car parked along the southerly curb, and about 20 to 30 feet from the corner of Second Avenue, watching other children playing on the southerly sidewalk. He remembered beginning to turn around to the right when defendants' vehicle struck his shoulder, throwing him off balance. The truck then ran over his right foot and he fell to the ground. He also testified that he never saw the truck before it struck him nor did he hear any warning horn of its approach.

Plaintiffs produced two witnesses to corroborate the infant's version of the accident. One of these — Edward Green — was so discredited as to have his testimony rejected by the Trial Judge. But, the testimony given by the other — Nelson Hawkins — was accepted as creditable by the trial court. That testimony, however, does not invoke the same favorable impression in this court accorded to it below. His equivocation as to the manner in which the accident happened makes it doubtful as to whether he was at all an eyewitness of the crucial events.

It is significant that both Green and Hawkins failed to give their names to the policeman who arrived on the scene of the accident although the police officer did get the names of two youths who claimed to have witnessed the occurrence. Those two boys, who must be viewed as disinterested witnesses, testified that the infant plaintiff met with his injury when he jumped on the truck's right-hand side running board and slipped off immediately prior to the wheel of the truck going over his foot.

An analysis of the record indicates clearly that the credible evidence preponderated in favor of the defendants. The verdict was against the weight of the evidence both on the questions of negligence and freedom from contributory negligence. In view of the findings below in that regard, and since the trial was held before the court without a jury, this court should enter the judgment that the trial court should have entered. (Civ. Prac. Act, § 584, subd. 2; *Calabria* v. *City & Suburban Homes Co.*, 5 A D 2d 983, affd. 5 N Y 2d 918; *McLean* v. *McKinley*, 282 App. Div. 138, affd. 307 N. Y. 920; *Bernardine* v. *City of New York*, 294 N. Y. 361, 366.)

Accordingly, the judgment appealed from should be reversed on the law and the facts and the complaint dismissed, with costs to appellants. In view of that disposition, it is unnecessary to consider the claimed excessiveness of the verdict.

BOTEIN, P. J., RABIN, M. M. FRANK and VALENTE, JJ., concur; STEVENS, J., dissents and votes to affirm.

Judgment reversed on the law and on the facts, and the complaint dismissed, with costs to appellants. Settle order on notice.