## (October 15, 1962)

■ ROBERT H. B. BARR, Respondent, v. HOWARD A. PARRISH, Appellant.— In a consolidated negligence action to recover damages for injury to person and property, Howard Austin Parrish, the defendant in the consolidated action (and the defendant in the original Action No. 1 and the plaintiff in the original Action No. 2), appeals: (a) from a judgment of the Supreme Court, Orange County, entered April 25, 1962 after trial, upon a jury's verdict awarding Barr, the plaintiff in the consolidated action, $10,000 for personal injury and $300 for property damage, and (in Action No. 2) dismissing the complaint of Parrish against Barr; and (b) from an order of said court, dated April 18, 1962 and entered May 2, 1962, denying Parrish's motion to set aside the jury's verdict and for a new trial. Judgment reversed on the law and the facts, and new trial granted, with costs to abide the event. Appeal from order dismissed as academic. In our opinion, the jury's verdict in favor of Barr was contrary to the weight

of evidence. The verdict in his favor could not be founded solely upon his compliance with the requirements of the stop sign posted at the intersection here involved. As he proceeded into the intersection there was a continuing duty on his part to observe the traffic conditions on his left side (cf. *Powers* v. *Medina*, 1 A D 2d 727; *Davis* v. *Rogers Fuel Corp.*, 284 App. Div. 1024; *McLean* v. *McKinley*, 282 App. Div. 138, affd. 307 N. Y. 920). The record is barren of any proof, however, as to what he could and did observe with respect to traffic coming from his left — the direction in which Parrish's automobile approached the intersection. Such proof should be adduced upon the new trial as a basis for a determination of the issue as to Barr's contributory negligence. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.