■ CHERYL L. OLSEN, Appellant, v WILLIAM T. BAKER et al., Defendants, and FIRST CITY DIVISION OF LINCOLN FIRST BANK et al., Respondents.—Mikoll, J. Appeals (1) from two orders of the Supreme Court at Special Term (Kuhnen, J.), entered December 5, 1984 and December 18, 1984 in Broome County, which, *inter alia,* granted motions by defendants First City Division of Lincoln First Bank and Town of Vestal for summary judgment dismissing the complaints as to them, and (2) from the judgments entered thereon.

Plaintiff, while driving north on Murray Hill Road in the Town of Vestal, Broome County, and while attempting to make a left turn onto Old Vestal Road at a "T" intersection, was injured in a collision with a vehicle driven by defendant William Baker, which was proceeding east on Old Vestal Road. Plaintiff's entry into the "T" intersection was controlled by a stop sign. In addition to suing Baker, plaintiff sued First City Division of Lincoln First Bank claiming that a sign on its premises blocked her view of traffic proceeding east on Old Vestal Road. Plaintiff also sued the Town of Vestal for negligence in both allowing the sign to remain standing in viola-

tion of the zoning code, thereby causing an obstruction of traffic, and failing to demark the roadway with a stop line.

Special Term granted motions for summary judgment dismissing the complaint against the bank and the town, finding that plaintiff failed, as a matter of law, to sustain her burden of proof as to negligence on the part of either defendant. Special Term concluded that the accident was caused solely through the negligence of plaintiff herself or combined with that of defendant Baker.

There must be an affirmance. It was plaintiff's duty to exercise care and observe traffic conditions to her left before proceeding into the intersection (see, Barr v Parrish, 17 AD2d 837). Vehicle and Traffic Law § 1172 (a) requires a driver at an intersection controlled by a stop sign to stop "at the point nearest the intersecting roadway where the driver has a view of the approaching traffic on the intersecting roadway before entering the intersection". Plaintiff was thus required to continue to exercise care and "to see what by the proper use of her senses she might have seen" (Weigand v United Traction Co., 221 NY 39, 42). Plaintiff was thus required to observe the approach of defendant Baker's vehicle and yield to him. It is apparent that the accident was caused by plaintiff's actions and possibly those of defendant Baker, whose speed was alleged to be excessive.

We concur with Special Term that it cannot be inferred that the sign and absent road markings were a proximate cause of the accident from the facts presented by plaintiff.

Orders and judgments affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.