■ Ursula Pahler, Respondent, v Judson J. Daggett et al., Defendants and Third-Party Plaintiffs-Respondents, and Pahler Packing Corporation, Respondent. Werner Pahler, Third-Party Defendant-Respondent, and Snell Equipment, Inc., Third-Party Defendant-Appellant. (And Four Other Related Actions.)—Weiss, J. P. Appeal from that part of an order of the Supreme Court (Duskas, J.), entered January 5, 1990 in St. Lawrence County, which denied the motion of third-party defendant Snell Equipment, Inc. for summary judgment dismissing the third-party complaints and the complaints against it.

As the result of a two-car accident on August 2, 1986 at the intersection of Flat Rock Road and State Route 345 in the Town of Potsdam, St. Lawrence County, four actions couched in negligence were commenced to recover damages for personal injuries sustained by passengers and drivers in the vehicles. Plaintiff in action No. 1, Ursula Pahler, also commenced a fifth action along with her husband based on alleged medical malpractice against the hospital and doctors in connection with the treatment for the injuries she suffered as a result of the accident. That case is not involved in this appeal. Snell Equipment, Inc., sued as a defendant in action Nos. 3 and 4, and as a third-party defendant in action Nos. 1 and 2, was charged with negligence in the construction and placement of an advertising sign made of wood that it had erected some 20 feet south of Flat Rock Road and 30 to 40 feet west of the paved shoulder of Route 345. It is alleged that the sign obstructed the view of drivers traveling east on Flat Rock Road and of traffic traveling north on Route 345.

Snell moved for summary judgment dismissing the third-party complaints in action Nos. 1 and 2 and the complaints in action Nos. 3 and 4, contending that the sign was not the proximate cause of the accident and, further, that it owed no duty to the parties. Snell relied upon photographs of the intersection and the testimony of the drivers at examinations before trial to demonstrate the lack of causation attributable to the sign. In denying the motion, Supreme Court held that the "photographs submitted do not necessarily portray the conditions that existed at the time of the accident" and that sufficient questions of fact had been raised which required a trial. Snell has appealed.

At approximately 5:00 P.M. on the day of the accident, defendant Judson J. Daggett, driving a vehicle owned by defendant Howard Palmer, proceeded east on Flat Rock Road and approached the intersection of Route 345. Daggett's movement was controlled by a yield sign with which he was familiar at the time (see, Atkinson v County of Oneida, 59 NY2d 840, 842). A thunderstorm with heavy rain was in progress causing darkness and poor visibility. Daggett was traveling at approximately 10 miles per hour when he first looked to his left for traffic at the intersection. At that time, he had not reached the Snell sign which was six feet in width by four feet in height and was mounted approximately four feet from the ground on two wood posts. Daggett was abreast of the sign when he first looked to his right. He testified that he continued toward the intersection slowing to a crawl at approximately one mile per hour when he finally reached the intersection where he would turn left (northbound) onto Route 345. Route 345 consists of two lanes with full paved shoulders on each side. Daggett did not stop prior to entering the intersection, nor did he observe the Pahler vehicle proceeding north on Route 345. Snell contends that these facts, coupled with Vehicle and Traffic Law §§ 1142 and 1172, establish that it did not violate any duty to the other parties and that its sign was not a proximate cause of the accident. We agree.

None of the opposing parties have raised a material issue of fact. Daggett and Palmer contend that the photographs do not depict the weather and light conditions at the time of the accident, and Pahler contends that the sign obstructed the view on Route 345. Neither argument has merit inasmuch as the photographs clearly demonstrate sufficient distance between the sign and the roadways to permit an unobstructed view of Route 345 traffic approaching from the south. If, indeed, Daggett's view was obscured for any reason, then he

was required to stop (Vehicle and Traffic Law § 1142; *see, Applebee v State of New York,* 308 NY 502, 508). After he passed the sign and prior to entering the intersection, Daggett was required to exercise care and " 'to see what by the proper use of [his] senses [he] might have seen' " *(Olsen v Baker,* 112 AD2d 510, 511, *lv denied* 66 NY2d 604, quoting *Weigand v United Traction Co.,* 221 NY 39, 42) and to stop if necessary (Vehicle and Traffic Law §§ 1142, 1172). Although determinations as to causation are generally left for the trier of fact, it is the function of the court to determine if a prima facie case of causation has been established in the first instance *(see, Ventricelli v Kinney Sys. Rent A Car,* 46 NY2d 770; *see also, Darling v State of New York,* 16 NY2d 907). Snell has established that the sign did not cause the accident and the opposing parties have failed to demonstrate the existence of material issues of fact suggesting otherwise which are real and capable of being established at trial *(see, Zuckerman v City of New York,* 49 NY2d 557; *Burt v Lenox Hill Hosp.,* 141 AD2d 378). It cannot be inferred that the advertising sign was a proximate cause of the accident on the unchallenged facts on this motion *(see, Olsen v Baker, supra; see also, Tomassi v Town of Union,* 46 NY2d 91, 97-98).

Order modified, on the law, without costs, by reversing so much thereof as denied the motion of Snell Equipment, Inc. for summary judgment dismissing the complaints in action Nos. 3 and 4 and the third-party complaints in action Nos. 1 and 2 against it; motion granted, summary judgment awarded to Snell Equipment, Inc. and said pleadings dismissed against it; and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.