■ DANIEL CANTELMO et al., Appellants-Respondents, v HERMAN K. KNAUST et al., Respondents-Appellants.—Crew III, J. Cross appeals from a judgment of the Supreme Court (Bradley, J.), entered March 4, 1991 in Ulster County, upon a decision of the court in favor of defendants.

Prior to 1960, Herman Knaust and Katherine Knaust owned approximately 41 acres of real property in the Town of Saugerties, Ulster County, which was known as Stroomzeist. In 1960, they conveyed approximately 1½ acres of Stroomzeist to defendants Herman K. Knaust and Elizabeth L. Knaust (hereinafter collectively referred to as defendants). In 1964, the Knausts conveyed the remainder of Stroomzeist to Mildred, Pauline and Edward Montano. On August 16, 1982, defendants entered into an agreement with the Montanos concerning certain water line easements. The agreement was filed in the County Clerk's office, was intended to run with the land and was binding upon the signatories as well as their successors in title. In 1984, the Montanos conveyed their interest in Stroomzeist to plaintiffs.

The 1982 agreement provided, *inter alia,* that defendants had a right to use and connect to the main water line located on plaintiffs' property;* defendants had an easement over plaintiffs' property to make such a connection; defendants had a right to maintain, repair and replace the main line and their branch lines located on plaintiffs' property; defendants were required to pay all costs relating to their branch line; and defendants and plaintiffs would bear equally the costs relating to maintenance and repair of the main line. Additionally, the 1982 agreement provided that defendants had until

---

* We will refer to plaintiffs, instead of the Montanos, for convenience in view of the fact that the agreement is binding upon plaintiffs as successors in title to the land previously owned by the Montanos.

August 16, 1984 to make necessary repairs to the main line and their branch line in order to supply water to their property. In the event that defendants failed to timely complete such repairs, they would be deemed to have abandoned their interests in the water lines and the easement would terminate.

In May 1984 or June 1984, defendants and their agents performed repairs on the water line. Portions of the land were excavated to expose the water line so that defendants could visibly inspect the lines for leaks. In August 1984, the Town, at defendants' request, turned on the water for the Stroomzeist water line. No leaks were visible and a listening device failed to detect any leaks in the water line. The water was then turned off. Sometime in October 1984 or November 1984, defendants decided to flush the water line and requested the Town to once again turn on the water for the Stroomzeist water line. After a few days of flushing the water line, defendants discovered that there was a leak on plaintiffs' property, within the roadway of a neighbor's property and along State Route 9W. Consequently, the water was turned off.

During March 1985 to June 1985, plaintiffs hired a plumber to perform tests and make repairs to the main line and their branch line. However, every time the water was turned on a new leak would develop due to the dilapidated condition of the main line. In July 1985, plaintiffs decided to replace the main and branch lines in order that their property could be provided with water. The cost of replacement was $51,830.09. After installation of the new lines, defendants attempted to connect their branch line to the main line on plaintiffs' property to which plaintiffs objected. Plaintiffs then commenced this action seeking to enjoin defendants from trespassing upon their property. Issue was joined and a nonjury trial was held. Supreme Court found that defendants timely completed repairs to the water line; defendants had a right to hook up to the main water line on plaintiffs' property; defendants' easement over plaintiffs' property did not terminate; and the replacement cost of $51,830.09 was reasonable. In addition, the court determined that if defendants desired to use the water line, they were required to reimburse plaintiffs for one half the total replacement costs and that defendants had to post a bond or undertaking prior to exercising their right to hook up to the main water line. Both plaintiffs and defendants have appealed.

Plaintiffs contend that defendants did not timely complete repairs to the water line under the terms of the 1982 agree-

ment and, therefore, Supreme Court erred in finding that defendants' easement did not terminate. To resolve this issue we must consider the 1982 agreement to ascertain what defendants' obligations were and whether those obligations were satisfied within the appropriate time frame. In the absence of ambiguity, it is the responsibility of the court to accord the words in the 1982 agreement their fair and reasonable meaning (see, Klein v Empire Blue Cross & Blue Shield, 173 AD2d 1006, lv denied 78 NY2d 863). A fair reading of the 1982 agreement reveals that defendants were required only to make repairs to those water lines which would carry water to their property and to complete such repairs by August 16, 1984. The record demonstrates that defendants made repairs to those portions of the water line necessary for carrying water to their property in May 1984 or June 1984. In August 1984, they completed such repairs, pressurized the water lines and checked for leaks, at which time none were detected. Accordingly, Supreme Court properly found that defendants' easement did not terminate.

For their part, defendants contend that Supreme Court erred in directing them to pay $25,915.05 of the costs incurred by plaintiffs in replacing the water lines. We agree. A fair reading of the 1982 agreement reveals that the intent of the parties was to equally share those costs relating to the maintenance and repair of the main line. Plaintiffs and defendants, individually, were to be solely responsible for those costs relating to the branch water lines necessary to provide water to their respective properties. A review of the record reveals that there are items included in plaintiffs' costs which should not be defendants' responsibility. For instance, plaintiffs' figures improperly include costs for a new hydrant, copper piping, branch water lines needed to provide water to plaintiffs' main house, cottage, hydrant and pool house, and all necessary accessories relating thereto. Defendants' contribution should be limited to one half of those costs relating to the main water line. Inasmuch as the record is inadequate for this court to identify those costs, we must remit this matter to Supreme Court for further proceedings in that regard.

We have considered defendants' remaining contention relating to posting a bond or undertaking and find it to be unpersuasive.

Mikoll, J. P., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded plaintiffs $25,915.05; matter remitted to the Supreme Court for

further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.

