■ DANIEL CANTELMO et al., Respondents, v HERMAN K. KNAUST et al., Appellants. [615 NYS2d 88] —Crew III, J. Appeal from an order and judgment of the Supreme Court (Bradley, J.), entered April 28, 1993 in Ulster County, upon a decision of the court in favor of plaintiffs.

Plaintiffs and defendants are adjoining property owners in the Town of Saugerties, Ulster County. Plaintiffs' predecessors in interest entered into an agreement with defendants on

---

August 16, 1982 concerning certain water main easements.* The agreement provided, *inter alia,* that defendants had a right to connect to a main water line located on plaintiffs' property and had an easement for that purpose. Pursuant to the agreement, defendants were required to pay all costs associated with their branch line and were required to share equally with plaintiffs all costs relating to the maintenance and repair of the main line. Plaintiffs replaced the main line and branch line to their property at a cost of $51,830.09. Plaintiffs thereafter commenced this action and, following a nonjury trial, Supreme Court found that defendants were required to reimburse plaintiffs for one half of the aforesaid replacement costs.

On appeal this Court found, *inter alia,* that Supreme Court properly determined that defendants were responsible for one half of the costs of the replacement line, but that Supreme Court's award improperly included costs that should have been borne by plaintiffs (184 AD2d 830). Because the record was inadequate to identify such costs, this Court remitted for further proceedings. Upon remittal, Supreme Court conducted a hearing, at the conclusion of which it found in plaintiffs' favor in the amount of $14,581.91. Defendants now appeal.

Our review of the record satisfies us that Supreme Court correctly concluded that the aggregate costs relating to the replacement of the main line were $29,163.82 and that defendants' share of said costs was $14,581.91. The final judgment, however, contains a clerical error in that it reflects that the aggregate costs were $29,164.80 and that defendants' obligation therefore was $14,582.41. Accordingly, the judgment must be modified to reflect the correct figures as found by the court in its decision.

We find no merit in defendants' contention that they are entitled to certain offsets by reason of the costs associated with the reconnection of their branch line to the main line. This matter was remitted to Supreme Court solely for redetermination of damages by striking all amounts associated with plaintiffs' improvement of their own water line from the total amount determined by Supreme Court in the prior proceeding. The arguments now raised by defendants are outside the scope of this Court's remittal.

We also reject defendants' contention that Supreme Court erred by directing the payment of interest from February 19,

---

* The underlying facts are more fully set forth in this Court's prior decision in this case (184 AD2d 830).

1991, the date of Supreme Court's initial judgment. CPLR 5001 (a) provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property". The action here is contractual in nature because it is based upon the parties' August 16, 1982 agreement and the award of interest was therefore mandatory. Moreover, CPLR 5001 (a) further provides that in an action of an equitable nature, interest may be awarded in the court's discretion. This is clearly an equitable action and we are not prepared to say that Supreme Court abused its discretion in awarding interest.

Mikoll, J. P., White, Weiss and Yesawich Jr., concur. Ordered that the order and judgment is modified, on the law, with costs to plaintiffs, by providing that defendants pay plaintiffs the sum of $14,581.91 representing one half of the $29,163.82 in replacement costs, and, as so modified, affirmed.