■ HARVEY HOLLEMAN, Appellant, v WILLIAM MINER et al., Respondents. [699 NYS2d 840] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Cobb, J.), entered October 14, 1998 in Columbia County, upon a verdict rendered in favor of defendants.

The question presented on this appeal is whether plaintiff is entitled to a new trial because of an error in Supreme Court's charge to the jury as to the consequences of the jury's finding that defendant violated one or more sections of the Vehicle and Traffic Law.

· Plaintiff commenced this action seeking damages for injuries he sustained in a December 14, 1995 collision between his vehicle and a 1989 Chevrolet Blazer owned by defendant Custom Overhead Door, Inc. and operated by defendant William Miner (hereinafter defendant) on Talarico Road in the Town of Ghent, Columbia County. At trial, the parties offered sharply differing accounts of the accident, which occurred as defendant was plowing out a friend's mailbox in the aftermath of an earlier snowstorm. Plaintiff testified that as he was traveling in the northbound lane of Talarico Road, he observed the Blazer in a stationary position in the southbound lane, but facing north, and that as he began to pass it the Blazer cut across the road and struck his vehicle. Defendant, on the other hand, testified that the area he was plowing abutted the northbound lane of Talarico Road and that at no time did his vehicle enter the southbound lane. David Siriani, a State Trooper who investigated the accident, testified that at the scene defendant stated that the accident occurred as he was moving from the southbound lane through the northbound lane to plow the mailbox area. Siriani added that in his opinion, defendant's failure to yield the right-of-way was a contributory factor in the accident.

Plaintiff maintained that defendant violated Vehicle and Traffic Law §§ 1162 (prohibiting moving a vehicle unless it is reasonably safe to do so) and 1163 (failure to signal a turn). During the charge conference, Supreme Court indicated that it would grant plaintiff's request to charge the jury pursuant to PJI3d 2:26 (1999), which reads as follows: "In considering the evidence * * * you must determine whether plaintiff has proved that defendant failed to comply with [the relevant] statute(s). If you find that defendant violated [said] statute(s), *such a violation constitutes negligence*" (PJI3d 2:26 [1999] [emphasis supplied]). In its charge, however, Supreme Court instructed the jury that should it conclude that defendant violated either of the Vehicle and Traffic Law sections, *"then such a violation may be utilized by the jury in a conclusion upon all the evidence in the case [that] defendant was negligent"* (emphasis supplied).

After requesting a rereading of Siriani's testimony and Supreme Court's instruction on negligence (which included the quoted language), the jury returned a verdict in favor of defendants. Plaintiff appeals, contending that Supreme Court's alteration of the language of the pattern charge constituted error. We agree.

PJI3d 2:26 (1999) reflects the settled rule that a defendant's

unexcused violation of the Vehicle and Traffic Law constitutes negligence per se (see, Nunziata v Birchell, 238 AD2d 555, 556; Weiser v Dalbo, 184 AD2d 935, 936, lv dismissed 80 NY2d 925; Tomaselli v Goldstein, 104 AD2d 872). Accordingly, the clear import of the instruction is that upon finding that a defendant violated such a statute, the jury must conclude that the defendant was negligent, and if such negligence was the proximate cause of the plaintiff's injury liability will follow. Any deviation from the pattern instruction suggesting that violation of a statute is merely "evidence of negligence" is improper (see, Goode v Meyn, 165 AD2d 436, 438). Here, in altering the pattern charge, Supreme Court essentially instructed the jury that even upon finding that defendant violated either or both Vehicle and Traffic Law sections, it could still conclude "upon all the evidence in the case" that defendant was not negligent. Consequently, the language employed by Supreme Court constituted the functional equivalent of charging the jury that such statutory violations merely constituted "evidence of negligence".

We cannot say that this error was harmless in view of the jury's specific request for a rereading of Supreme Court's charge on negligence together with Siriani's testimony, which included defendant's claimed admission to crossing from the southbound into the northbound lane.

Mercure, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, with costs to abide the event, and matter remitted to the Supreme Court for a new trial.