■ STEPHEN STALIKAS, JR., et al., Appellants, v UNITED MATERIALS, L.L.C., et al., Defendants, and MICHAEL DEAKIN, Respondent. (Appeal No. 1.) [760 NYS2d 804] —Appeal from a judgment of Supreme Court, Erie County (Dillon, J.), entered December 6, 2001, upon a jury verdict rendered in favor of defendant Michael Deakin.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed without costs.

Memorandum: Supreme Court properly denied plaintiffs' motion pursuant to CPLR 4404 (a) seeking to set aside the verdict of no cause of action as against the weight of the evidence. Stephen Stalikas, Jr. (plaintiff) was injured when his van was struck from behind in a five-vehicle collision. Plaintiff was required to stop his van on the highway when a vehicle abruptly entered his lane of travel ahead of his van. The pickup truck traveling directly behind plaintiff also stopped, and there was conflicting evidence whether the pickup truck that was two vehicles behind plaintiff, operated by defendant James Pierce and owned by defendant United Materials, L.L.C., was stopped before it was struck from behind by the vehicle operated by defendant Michael Deakin. It is undisputed, however, that Deakin's vehicle struck the pickup truck operated by Pierce and that the pickup truck operated by Pierce struck the pickup truck ahead of it, which in turn struck plaintiff's van.

" '[A] rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle * * *.' In order to rebut a prima facie showing of negligence, the driver of the rear vehicle must submit a nonnegligent explanation for the collision" (*Ruzycki v Baker,* 301

AD2d 48, 49 [2002]). Here, although plaintiffs established a prima facie case of negligence, Pierce and Deakin offered a nonnegligent explanation for the collision. Pierce testified that he applied his brakes when he saw the vehicle abruptly enter his lane ahead of plaintiff, that he stopped his pickup truck without striking the pickup truck directly behind plaintiff, and that he struck the pickup truck directly behind plaintiff only after the vehicle operated by Deakin struck his pickup truck. Deakin testified that he was unable to see any vehicles ahead of Pierce's large pickup truck and thus, from his vantage point at the time of the collision, Pierce stopped suddenly, without an apparent reason to do so (*see Niemiec v Jones,* 237 AD2d 267, 267 [1997]). The jury's fact-finding determination that neither Pierce nor Deakin was negligent is entitled to great deference and we decline to disturb it (*see Reno v AMR Serv. Corp.,* 273 AD2d 454, 455 [2000]).

Even assuming, arguendo, that the court erred in failing to charge the jury pursuant to PJI3d 2:26 (2001) (now PJI3d 2:26 [2003]), we conclude that any error was harmless (*see* CPLR 2002). That PJI charge "reflects the settled rule that a defendant's unexcused violation of the Vehicle and Traffic Law constitutes negligence *per se*" (*Holleman v Miner,* 267 AD2d 867, 868-869 [1999]). On the facts of this case, a finding of negligence per se based upon a violation of Vehicle and Traffic Law § 1129 (following too closely) would have been inconsistent with the jury's finding that defendants had nonnegligent explanations for the rear-end collisions. Thus, even in the event that the jury found that defendants violated the statute, it is evident that, based upon the nonnegligent explanations of defendants credited by the jury, the jury would have found that any violation was excused. We have considered plaintiffs' remaining contention and conclude that it is without merit.

All concur except Wisner, J.P., and Gorski, J., who dissent and vote to reverse in accordance with the following memorandum.

Wisner, J.P., and Gorski, J. (dissenting). We respectfully dissent. In our view, Supreme Court's refusal to charge the jury with PJI3d 2:26 (2001) (now PJI3d 2:26 [2003]) along with PJI3d 2:82 (2001) (now PJI3d 2:82 [2003]) requires reversal and a new trial. Here, there are issues of fact whether defendants James Pierce and Michael Deakin violated Vehicle and Traffic Law § 1129, prohibiting following too closely, and whether such violations were excusable under the circumstances then existing. "[T]he clear import of the instruction [pursuant to PJI3d 2:26] is that upon finding that a defendant

violated such a statute, the jury *must* conclude that the defendant was negligent, and if such negligence was the proximate cause of the plaintiff's injury liability will follow. Any deviation from the pattern instruction suggesting that violation of a statute is merely 'evidence of negligence' is improper" (*Holleman v Miner*, 267 AD2d 867, 869 [1999] [emphasis added]). It appears from the transcript of the charge conference that the court was under the misimpression that, if the jury was instructed in accordance with PJI3d 2:26, the jury's inquiry would end, without consideration of proximate cause.

In charging only PJI3d 2:82, the court instructed the jury to evaluate whether Pierce and Deakin were following too closely and, if so, whether they were negligent in doing so. Thus, "the language employed by Supreme Court constituted the functional equivalent of charging the jury that such statutory violations merely constituted 'evidence of negligence' " (*Holleman*, 267 AD2d at 869), not negligence per se. We believe that the jury should have been instructed that the violation of Vehicle and Traffic Law § 1129 would constitute negligence per se, not just some evidence of negligence to evaluate along with the other evidence in the case. If the verdict sheet had asked the jury to determine whether the actions of Pierce and Deakin constituted a statutory violation, we could then determine whether the court's refusal to charge PJI3d 2:26 was harmless error but, in the absence of such a question on the verdict sheet, we are unable to do so. Present—Wisner, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.