■ JAMES SHEA, as Executor of KEVIN L. SHEA, Deceased, Appellant, v ROBERT H. MAZZA, II, Respondent, and JEFFREY C. McFALL, Appellant. (Action No. 1.) LINDA L. SHEA, Appellant, v ROBERT H. MAZZA, II, Respondent, and JEFFREY C. McFALL, Appellant. (Action No. 2.) JEFFREY C. McFALL, Appellant, v ROBERT H. MAZZA, II, Respondent. (Action No. 3.) ROBERT H. MAZZA, II, Respondent, v JEFFREY C. McFALL, Appellant. (Action No. 4.) [762 NYS2d 221] —Appeals from a judgment of Supreme Court, Cattaraugus County (Nenno, J.), entered September 19, 2001, which, inter alia, granted Robert H. Mazza, II, judgment notwithstanding the verdict and dismissed all claims against him.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the verdict is reinstated.

Memorandum: Robert H. Mazza, II, a defendant in action Nos. 1 and 2, the sole defendant in action No. 3 and the plaintiff in action No. 4, was involved in a collision while traveling in a vehicle with Jeffrey C. McFall, a defendant in action Nos. 1 and 2, the plaintiff in action No. 3 and the sole defendant in action No. 4. The vehicle, which was owned by McFall, struck a pickup truck driven by Kevin L. Shea, plaintiff's decedent in action No. 1, and in which Linda L. Shea, the plaintiff in action No. 2, was a passenger. When other motorists stopped to provide assistance, they discovered Mazza and McFall in the back seat of the vehicle. No eyewitness could place Mazza or McFall in the driver's seat before or after the accident, and there otherwise was conflicting evidence concerning the identity of the driver. The jury returned a verdict finding that Mazza was the driver at the time of the accident. Mazza moved for judgment in his favor notwithstanding the verdict or, alternatively, to set aside the verdict as against the weight of the evidence and for a new trial (*see* CPLR 4404 [a]). Supreme Court, inter alia, granted Mazza judgment notwithstanding

the verdict and dismissed all claims against him, determining as a matter of law that McFall was the driver of the vehicle at the time of the accident.

We conclude that the jury verdict must be reinstated. The sole issue at trial was the identity of the driver at the time of the accident. Given the conflicting testimony on that issue, we conclude that the jury verdict is supported by sufficient evidence, i.e., there is a valid line of reasoning and permissible inferences that could lead rational persons to the conclusion reached by the jury based on the evidence at trial, and thus the court erred in granting Mazza judgment notwithstanding the verdict (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Kozlowski v City of Amsterdam, 111 AD2d 476, 477 [1985]). Furthermore, contrary to the contention of Mazza, the jury verdict finding that he was the driver of the vehicle at the time of the accident is not against the weight of the evidence, i.e., it cannot be said that the jury verdict could not have been reached on any fair interpretation of the evidence, and thus he is not entitled to a new trial (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Ruddock v Happell, 307 AD2d 719 [2003]).

Finally, Mazza's contention that counsel for the plaintiffs in action Nos. 1 and 2 engaged in misconduct during the trial is raised for the first time on appeal and thus is not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]). Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Lawton, JJ.