Grant Kelley, M.D., Respondent, v Martha A. Kronenberg, Appellant. (Appeal No. 1.) [768 NYS2d 875]—Appeal from that part of an order of Supreme Court, Onondaga County (Centra, J.), entered September 10, 2002, that denied defendant's cross motion to set aside the verdict.

Appeal from a judgment of Supreme Court, Onondaga County (Centra, J.), entered October 25, 2002, which upon a verdict awarded plaintiff $977,231.80.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion for a directed verdict is denied, the cross motion is granted in part, the verdict on liability is set aside, and a new trial is granted on liability only in accordance with the following memorandum: Defendant appeals from a judgment entered upon a jury verdict finding that plaintiff was not comparatively negligent and awarding plaintiff damages for past pain and suffering and future loss of earnings. Defendant's appeal from the judgment also brings up for review the propriety of a posttrial order that, inter alia, denied that part of defendant's cross motion to set aside the verdict as against the weight of the evidence. We conclude that Supreme Court erred in directing a verdict in favor of plaintiff on the issue of defendant's liability and in submitting only the issues of plaintiff's comparative negligence and damages to the jury. Plaintiff was operating his 12-speed bicycle westbound on Route 173 in the Village of Manlius when he struck the rear of defendant's vehicle, traveling northbound, which had entered Clinton Street after crossing Route 173 from Academy Street. At the close of proof, plaintiff moved for a directed verdict on the issue of defendant's negligence on the ground that defendant pleaded guilty to "a violation of the Vehicle and Traffic

Law" and, thus, the court was required to enter judgment in plaintiff's favor as a matter of law on the issue of defendant's negligence. The court erred in granting plaintiff's motion and, indeed, in granting plaintiff a directed verdict on liability, relief not sought by plaintiff. "A person who pleads guilty to a traffic offense is permitted to explain the reasons for the plea, and it is for the jury to evaluate the testimony and decide what weight, if any, to give the plea" (*Canfield v Giles* [appeal No. 1], 182 AD2d 1075, 1075 [1992]). Although it is undisputed that plaintiff had the right of way, we conclude that the court erred in its implicit determination that the evidence established defendant's unexcused violation of Vehicle and Traffic Law § 1142 (a), failure to yield the right of way, and thus that defendant was negligent per se (*cf. Weiser v Dalbo,* 184 AD2d 935, 936 [1992], *lv dismissed* 80 NY2d 925 [1992]; *see generally Holleman v Miner,* 267 AD2d 867, 868-869 [1999]). We note that defendant pleaded guilty to a violation of Vehicle and Traffic Law § 1101 but did not in fact plead guilty to a violation of section 1142 (a) and, even if she had, a "plea of guilty to the infraction of failure to yield the right of way [would] not establish defendant's negligence as a matter of law" (*Harris v Moyer,* 255 AD2d 890, 891-892 [1998]).

We further conclude that the evidence does not otherwise support a directed verdict on the issue of liability, and that the court erred in failing to submit the issue of proximate cause to the jury (*see Weiser,* 184 AD2d at 937; *McConnell v Nabozny,* 110 AD2d 1060 [1985]). Nor does the evidence otherwise support a directed verdict on the issue of defendant's negligence. It cannot be said here that "there is no rational process by which the fact trier could base a finding in favor of [defendant]," and we conclude that, in determining plaintiff's motion for a directed verdict, the court failed to afford defendant "every inference which may properly be drawn from the facts presented" and to consider the facts "in [the] light most favorable to [defendant]" (*Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]).

Plaintiff testified that he does not remember the accident itself, which occurred at approximately 7:45 A.M. on October 1, 1997. Plaintiff testified, however, that he recalled that he was traveling on a silver and yellow 12-speed bicycle and was wearing a yellow shirt and a white helmet. He further testified that he was traveling westbound on Route 173, downhill, on the shoulder of the road behind a line of vehicles at a speed at which the vehicles were traveling. A police officer testified that the speed limit on Route 173 is 30 miles per hour. Plaintiff recalled that he had begun to brake because he intended to turn right at

the street that was one block past Clinton Street. He next recalls lying on the ground, with people around him.

Defendant testified that it was a dark morning, because of rain. She was stopped at the stop sign at the intersection of Academy Street and Route 173 and intended to cross the intersection to proceed to Clinton Street, which is directly across from Academy Street. Defendant testified that, when there were no longer headlights visible on Route 173, she looked to the right, the direction from which plaintiff was traveling, then to the left and then straight ahead. Plaintiff read into evidence excerpts of defendant's deposition testimony, wherein defendant testified that, because there is a school near the intersection, she specifically looked for bicycles and children, and she did not see plaintiff. After determining that it was safe to cross what defendant described as a "large" intersection, defendant's vehicle had entered Clinton Street when defendant felt an impact in the "back right side" of her vehicle.

We conclude that the jury could have found from the evidence presented at trial that defendant was not negligent, i.e., that she took every precaution to determine that it was safe to cross the intersection and that plaintiff was not yet visible when defendant looked in the direction from which plaintiff was traveling. We therefore reverse the judgment, deny plaintiff's motion for a directed verdict, grant defendant's cross motion in part, set aside the verdict on liability and grant a new trial on liability only, including the issue of plaintiff's comparative negligence, inasmuch as "the responsibilities of [the parties] are best determined by the same jury at one time" (*Monell v City of New York,* 84 AD2d 717, 718 [1981]).

We reject defendant's further contention that the award of damages for future loss of earnings is based upon legally insufficient evidence and is against the weight of the evidence. It cannot be said that it would be "utterly irrational for a jury to reach the result it has determined upon" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]), nor can it be said that the evidence preponderates so heavily in defendant's favor that the verdict with respect to damages for future loss of earnings could not have been reached upon any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Shea v Mazza,* 307 AD2d 708 [2003]; *Manna v Hubbard,* 254 AD2d 693 [1998]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.