Marilyn Hunt, Individually and as Administrator of the Estate of Edward G. Hunt, Deceased, Respondent, v Donald R. Hunt et al., Appellants. [828 NYS2d 638]—

Rose, J. Appeal from an order of the Supreme Court (Tomlinson, J.), entered October 11, 2005 in Hamilton County, which, upon remittal, inter alia, denied an award of prejudgment interest and costs.

In October 2003, following a nonjury trial in this action for

partition of six parcels of land, Supreme Court granted partition, set the amount to be paid by plaintiff and her husband (hereinafter decedent) to buy out defendants' interest in a parcel known as the Hunt Pit and distributed the five remaining parcels among the parties equally according to value. On appeal, this Court affirmed (13 AD3d 1041 [2004]), but found defendants were entitled to prejudgment interest on the value of raw materials removed from the parcels by plaintiff and decedent and remitted the matter for determination of the accrual date of such interest. Thereafter, but before Supreme Court rendered a decision on that issue, defendants requested additional relief of prejudgment interest on the buyout award, costs and disbursements, and a declaration that defendant Donald R. Hunt became sole owner of one of the parcels through a right of survivorship upon decedent's death during the pendency of the prior appeal. Supreme Court set a date for the accrual of prejudgment interest as we had directed, but denied the new relief sought by defendants. Defendants now appeal that denial only, and we affirm.

The issues of prejudgment interest on the buyout amount and costs and disbursements were abandoned by defendants when they failed to raise them on their prior appeal (*see First Capital Asset Mgt. v N.A. Partners*, 300 AD2d 112, 116 [2002]). In addition, because we did not remit these issues to Supreme Court, they were properly rejected by that court and are not now within the scope of our review (*see Matter of Shreffler v Shreffler*, 302 AD2d 822, 823 [2003]; *Posson v Posson*, 243 AD2d 884, 884-885 [1997]; *Cantelmo v Knaust*, 206 AD2d 743, 744 [1994]).

Nor is there any merit to defendants' contention that sole ownership of one of the parcels, which had been distributed to plaintiff by Supreme Court's October 2003 order, passed to Donald Hunt by right of survivorship upon decedent's death in 2004. Defendants argue that a "consent stay" pending appeal prevented a final determination regarding the partitioning of any of the parcels until our decision on the prior appeal affirmed the order of Supreme Court. Significantly, however, the record contains no copy of the alleged stay and no affidavit describing its terms. Thus, nothing in the record indicates that this stay somehow operated to set aside the finality of Supreme Court's decision and order (*see e.g. Da Silva v Musso*, 76 NY2d 436, 440 [1990]; *Matter of Pokoik v Department of Health Servs. of County of Suffolk*, 220 AD2d 13, 15 [1996]), or did anything other than preclude the enforceability of the order until such time as the appeal could be decided. Inasmuch as Supreme Court issued a final order distributing the parcels before decedent's

death, the court properly denied defendants' request for a further and different declaration of ownership.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.