■ LAUREL FREGA, Respondent, v GALLINGER REAL ESTATE, Appellant. [880 NYS2d 596]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered November 21, 2008 in a personal injury action. The order denied the motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when the vehicle she was operating collided with another vehicle at an intersection. According to plaintiff, a sign advertising a home for sale that had been installed by defendant at the corner of the intersection obstructed her view of oncoming traffic and thereby caused or contributed to the collision. Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Plaintiff was required to stop "at the point nearest the intersecting roadway where [she had] a view of the ap-

proaching traffic on the intersecting roadway before entering the intersection" (Vehicle and Traffic Law § 1172 [a]), and the affidavit of defendant's expert established that the sign was located a sufficient distance from the intersection to enable plaintiff to stop safely and to view approaching traffic (*see Pahler v Daggett*, 170 AD2d 750, 751-752 [1991]). Defendant thus established that its sign was not a proximate cause of the accident, and plaintiff failed to raise a triable issue of fact (*see id.* at 752; *Olsen v Baker*, 112 AD2d 510, 511 [1985], *lv denied* 66 NY2d 604 [1985]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.