# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**876**
**CA 15-01913**
PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

LINDA M. BROWN, AS ADMINISTRATRIX OF THE ESTATE
OF WAYNE BROWN, DECEASED, CLAIMANT-RESPONDENT,

V                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-APPELLANT.
(CLAIM NO. 108961.)
(APPEAL NO. 2.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

THE PALMIERE LAW FIRM, ROCHESTER (MICHAEL S. STEINBERG OF COUNSEL),
FOR CLAIMANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Court of Claims (Nicholas V. Midey,
Jr., J.), entered August 6, 2015. The judgment awarded claimant money
damages.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: As noted in a prior appeal (*Brown v State of New
York*, 79 AD3d 1579), claimant commenced these consolidated actions,
individually and as administratrix of the estate of her husband, Wayne
Brown (decedent), seeking damages for her injuries and his wrongful
death resulting from a right-angle motor vehicle accident with a
pickup truck at the intersection of State Route 350 (Route 350) and
Paddy Lane in the Town of Ontario. Decedent, who was operating a
motorcycle on which claimant was a passenger, was proceeding
northbound on Route 350, and the posted speed limit on that road in
that area was 55 miles per hour. Henry S. Friend was operating the
pickup truck eastbound on Paddy Lane, which was controlled by a stop
sign. The accident occurred after Friend proceeded into the
intersection and into the path of the motorcycle. In the actions
against defendant, claimant alleged that the intersection was
dangerous due to a negligent and improper design; the excessive speed
limit on Route 350; and inadequate or nonexistent signage.

Following trial, the Court of Claims concluded that defendant was
not entitled to governmental immunity because defendant abandoned its
study of the intersection (*see Weiss v Fote*, 7 NY2d 579, 588, *rearg
denied* 8 NY2d 934). The court further concluded that the intersection
constituted a dangerous condition, due to a vertical curve on Route

350 in the line of sight looking south from Paddy Lane and the speed limit of 55 miles per hour for traffic on Route 350, and that defendant had notice of that dangerous condition.  Nevertheless, the court dismissed the claims, concluding that claimant had failed "to establish that defendant's 'failure to complete [the] intersection safety study was a proximate cause of the accident forming the basis of [the] claim[s]' " (*Brown*, 79 AD3d at 1581).

We reversed, writing that "[t]he appropriate inquiry was whether defendant was made aware of a dangerous condition and failed to take action to remedy it" and whether the dangerous condition was a proximate cause of the accident (*id.*).  Inasmuch as the court, in its decision, had already determined that claimant had established that the intersection constituted a dangerous condition and that defendant had notice of that dangerous condition, we remitted the matter to the Court of Claims "for a determination on this record of whether the dangerous condition of the intersection because of the vertical curve in the line of sight looking south from Paddy Lane, combined with the speed limit of 55 miles per hour and the absence of four-way stop signs at the intersection, 'may be deemed a proximate cause of the accident' " (*id.* at 1584-1585).

On remittal, the court found that "the sight restrictions created by the vertical curve . . . , when combined with the 55 miles per hour speed limit . . . , prevented [Friend] from observing [the motorcycle] as [it] approached the intersection on Route 350."  The court thus concluded that the dangerous condition of the intersection was a proximate cause of the accident.  In determining that Friend was not negligent, the court concluded that he "carefully entered the intersection after looking both ways, but simply was unable to see the motorcycle . . . at any time before the accident occurred."  The court thus found that defendant was 100% liable for the accident.  Following a trial on damages, the court issued the order in appeal No. 1, directing the entry of a CPLR article 50-B judgment, as well as the judgments in appeal Nos. 2 and 3, which awarded claimant damages on behalf of the estate and on her individual claim, respectively.

Defendant now appeals, contending only that the court erred in failing to apportion 75% liability to Friend.  Although claimant, in her individual capacity, filed a notice of cross appeal, she does not raise any contentions related thereto, and we deem the cross appeal abandoned and dismissed (*see* 22 NYCRR 1000.12 [b]).

Contrary to claimant's contention, the issue of Friend's alleged contributory negligence is preserved for our review inasmuch as defendant raised that affirmative defense in its amended answer to the claim brought on behalf of decedent's estate and in its answer to claimant's individual claim (*see Palmier v United States Fid. & Guar. Co.*, 135 AD2d 1057, 1059), as well as in posttrial submissions (*see Wolf v Persaud*, 130 AD3d 1523, 1526).  Furthermore, we note that the court specifically addressed that issue on remittal.  Although defendant did not raise any issue of Friend's contributory negligence on the prior appeal to this Court, that failure was due to the fact that the issue of Friend's contributory negligence was rendered moot

by the court's prior decision and was thus not at issue on the prior appeal (*cf. Hunt v Hunt*, 36 AD3d 1058, 1059, *lv denied* 8 NY3d 812). When we remitted the matter for a de novo determination of the issue of liability based on the existing trial record, the contentions raised by defendant concerning contributory negligence, as raised in the posttrial submissions, were resurrected, and no new proof could " 'have been offered to refute or overcome' " the issue of Friend's contributory negligence (*Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

We nevertheless reject defendant's contention that the court's determination on the apportionment of liability should be modified. "On appeal from a judgment entered after a nonjury trial, this Court has the power 'to set aside the trial court's findings if they are contrary to the weight of the evidence' and to render the judgment we deem warranted by the facts . . . That power may be appropriately exercised, however, only after giving due deference to the court's 'evaluation of the credibility of witnesses and quality of the proof' . . . Moreover, '[o]n a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence' " (*Black v State of New York* [appeal No. 2], 125 AD3d 1523, 1524-1525).

Based on the trial record before us, we cannot say that the court's conclusions could not have been reached under any fair interpretation of the evidence. Although Friend was convicted of failure to yield the right-of-way (Vehicle and Traffic Law § 1142 [a]), the mere fact of the conviction is insufficient to establish Friend's negligence as a matter of law (*see Kelley v Kronenberg* [appeal No. 2], 2 AD3d 1406, 1406-1407; *see generally Augustine v Village of Interlaken*, 68 AD2d 705, 711-712, *lv dismissed* 48 NY2d 608, 881). Indeed, only "an unexcused violation of the Vehicle and Traffic Law, if proven, constitutes negligence per se" (*Long v Niagara Frontier Transp. Auth.*, 81 AD3d 1391, 1392, citing *Stalikas v United Materials*, 306 AD2d 810, 811, *affd* 100 NY2d 626).

In view of the dangerous condition of the intersection and the evidence that Friend "exercised reasonable care in an effort to comply with the statute" (*Arms v Halsey*, 43 AD3d 1419, 1420 [internal quotation marks omitted]; *see Aranzullo v Seidell*, 96 AD2d 1048, 1049), we conclude that there is support for the court's determination that Friend's alleged violation of the statute should be excused (*see generally Luck v Tellier*, 222 AD2d 783, 785). Although defendant correctly contends that "drivers have a 'duty to see that which through the proper use of [their] senses [they] should have seen' " (*Huff v Rodriguez*, 45 AD3d 1430, 1431; *see Deering v Deering*, 134 AD3d 1497, 1499), there is evidence from which the court could fairly conclude that Friend would not have been able to observe the motorcycle in time to avoid the collision (*see generally Godfrey v G.E. Capital Auto Lease, Inc.*, 89 AD3d 471, 477, *lv dismissed* 18 NY3d 951, *lv denied* 19 NY3d 816), including evidence concerning the history of right-angle accidents "caused by the same or similar contributing

factors as the accident in which claimant was involved" (*Whiter v State of New York*, 148 AD2d 825, 826, *lv denied* 74 NY2d 613). Contrary to defendant's contention, the evidence of prior similar accidents was properly considered in determining causation (*see id.* at 826-827; *Russell v State of New York*, 268 App Div 585, 588; *see also Hough v State of New York*, 203 AD2d 736, 738-739).

Inasmuch as the court's determination is supported by a fair interpretation of the evidence, we decline to disturb that determination.

Entered:  November 10, 2016                          Frances E. Cafarell
                                                    Clerk of the Court