Matter of Eden S. (Joshua S.) (2019 NY Slip Op 01976)





Matter of Eden S. (Joshua S.)


2019 NY Slip Op 01976


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


1295 CAF 17-01028

[*1]IN THE MATTER OF EDEN S., ELYSIUM S., AND ARKADIAN S. CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, PETITIONER-RESPONDENT; JOSHUA S., RESPONDENT-APPELLANT.

IN THE MATTER OF EDEN S., ELYSIUM S., AND ARKADIAN S. CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, PETITIONER-RESPONDENT; CRYSTAL S., RESPONDENT-APPELLANT.






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR RESPONDENT-APPELLANT JOSHUA S.
BRIDGET L. FIELD, ROCHESTER, FOR RESPONDENT-APPELLANT CRYSTAL S.
SAMUEL P. GIACONA, AUBURN, FOR PETITIONER-RESPONDENT.
LAURA ESTELA CARDONA, SYRACUSE, ATTORNEY FOR THE CHILDREN.
THEODORE W. STENUF, MINOA, ATTORNEY FOR THE CHILD.


 Appeals from an order of the Family Court, Cayuga County (Mark H. Fandrich, A.J.), entered April 14, 2017 in proceedings pursuant to Social Services Law § 384-b. The order, among other things, terminated the parental rights of respondents with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father and respondent mother appeal from an order that, inter alia, terminated their parental rights as to their three children pursuant to Social Services Law § 384-b on the ground of permanent neglect. The father contends on his appeal that Family Court erred in granting petitioner's motion, made in a prior proceeding against the father pursuant to Family Court Act article 10, to relieve it of its obligation to engage in diligent efforts to reunite him with his children because the motion was not in writing. We conclude that, having failed to raise that issue on the appeal from the order entered in the prior proceeding, which, inter alia, excused petitioner from demonstrating diligent efforts (Matter of Eden S. [Joshua S.], 117 AD3d 1562 [4th Dept 2014], lv denied 24 NY3d 906 [2014]), "the father is precluded from raising that contention now" (Matter of Lewis v Lewis, 144 AD3d 1659, 1660 [4th Dept 2016]; see Hunt v Hunt, 36 AD3d 1058, 1059 [3d Dept 2007], lv denied 8 NY3d 812 [2007]).
The father waived his further contention that the court violated his right to due process by holding the dispositional hearing in his absence inasmuch as the record reflects that the father chose not to appear and consented to the continuation of the hearing in his absence (see Matter of Konard M., 257 AD2d 919, 920 [3d Dept 1999]). In any event, that contention lacks merit. "[A] [*2]parent's right to be present for fact-finding and dispositional hearings in termination cases is not absolute . . . [W]hen faced with the unavoidable absence of a parent, a court must balance the respective rights and interests of both the parent and the child in determining whether to proceed" (Matter of Dakota H. [Danielle F.], 126 AD3d 1313, 1315 [4th Dept 2015], lv denied 25 NY3d 909 [2015] [internal quotation marks omitted]). We conclude that, under the circumstances presented here, the court properly proceeded in the father's absence in order to provide the children with a "prompt and permanent adjudication" (id. [internal quotation marks omitted]). Moreover, inasmuch as the father's attorney represented his interests at the hearing, the father failed to demonstrate that he suffered any prejudice as a result of his absence (see id. at 1315-1316).
We reject the mother's contention on her appeal that the court erred in determining that she permanently neglected the children. Contrary to the mother's contention, we conclude that petitioner met its burden of establishing "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the [mother] and [the children]" by providing numerous services that were specifically tailored to the mother's needs, including parenting classes, mental health counseling, nonoffending parent classes, and assistance with cleaning, maintaining, and improving her home (Matter of Jayveon S. [Timothy S.], 158 AD3d 1283, 1283 [4th Dept 2018], lv denied 31 NY3d 908 [2018] [internal quotation marks omitted]). We reject the mother's contention that petitioner failed to engage in diligent efforts to facilitate visitation. Petitioner consistently facilitated the mother's visitation with the youngest child, including by providing an alternative location for visitation once it determined that the mother's home was an inappropriate venue. With respect to the mother's visitation with the two oldest children, we note that petitioner is required to make diligent efforts to encourage and strengthen the parental relationship only "when such efforts will not be detrimental to the best interests of the child" (Social Services Law § 384-b [7] [a]). Here, petitioner initially facilitated in-person visitation between the mother and the two oldest children. Based on events that occurred after the removal of the subject children from the home, however, the court entered the order in the article 10 proceeding against the father determining that he sexually abused respondents' oldest child, and we affirmed (Eden S., 117 AD3d at 1562-1563). The record establishes that the mother failed to acknowledge that abuse and instead prompted her oldest child to recant the abuse allegations in a video that the mother later posted online. The record further establishes that this incident and the mother's continued failure to acknowledge the abuse caused her two oldest children significant emotional and behavioral harm. We thus conclude that petitioner was thereafter permitted to facilitate the mother's relationship with them by means other than in-person visitation, which it did by arranging telephone contact, providing the mother with information from their school, and attempting to impress upon the mother the importance of emotionally supporting her children in light of the abuse.
We also reject the mother's contention that the court erred in finding that she failed to plan adequately for her children's future. Petitioner established that "the mother's progress was insufficient to warrant the return of the child[ren] to her care inasmuch as she failed to address or gain insight into the problems that led to the removal of the child[ren] and continued to prevent the child[ren's] safe return" (Matter of Mirabella H. [Angela I.], 162 AD3d 1733, 1734 [4th Dept 2018], lv denied 32 NY3d 909 [2018] [internal quotation marks omitted]). Specifically, the record demonstrated that, although the mother complied with certain aspects of the service plan developed by petitioner, she failed to benefit from many of the services offered. Of particular significance, the mother failed to consistently maintain a safe, clean, and sanitary home to which the children could return and failed to provide the children with appropriate emotional support in light of her continued failure to acknowledge the father's sexual abuse.
Contrary to the mother's further contention, the court did not abuse its discretion in terminating the mother's parental rights rather than granting a suspended judgment (see id. at 1734-1735). The evidence in the record supports the court's determination that termination of the mother's parental rights is in the best interests of the children and that the mother's progress in addressing the issues that prevented their return was insufficient to warrant any further prolongation of the children's unsettled status (see id.).
The mother failed to preserve her contention that the court erred in failing to conduct a Lincoln hearing as part of the dispositional hearing and, in any event, the contention lacks merit (see Matter of Montalbano v Babcock, 155 AD3d 1636, 1637 [4th Dept 2017], lv denied 31 [*3]NY3d 912 [2018]; Matter of Tonjaleah H., 63 AD3d 1611, 1612 [4th Dept 2009]). We also reject respondents' contentions that the court erred in admitting in evidence photographs depicting respondents' home at the time the children were initially removed. Those photographs were generally relevant to support the service plans created for respondents. Even assuming, arguendo, that the court erred in admitting the photographs in evidence, we conclude that any error is harmless inasmuch as it does not appear from the court's decision that it relied on those photographs (see Matter of Arianna M. [Brian M.], 105 AD3d 1401, 1402 [4th Dept 2013], lv denied 21 NY3d 862 [2013]); indeed the court, when admitting the photographs, explicitly recognized their limited relevance.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court