■ BONITA L. SIMMONS et al., Appellants, v TERRY WEEGAR et al., Respondents. [739 NYS2d 801] —Appeal from that part of an order of Supreme Court, Onondaga County (Major, J.), entered September 27, 2001, that denied plaintiffs' motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries sustained by plaintiff Bonita L. Simmons when the medical transport van in which she was a passenger crossed the median of the highway and collided with oncoming traffic. Supreme Court properly denied plaintiffs' motion seeking partial summary judgment on the issue of liability. Although plaintiffs met their initial burden by establishing that defendant driver lost control of the van in the snow (*see, MacIntosh v August Ambulette Serv.*, 271 AD2d 661), defendants raised a triable issue of fact whether he was operating the van with due care (*see, Dubois v Vanderwalker*, 245 AD2d 758, 760). "Negligence cases by their very nature do not usually lend themselves to summary judgment, since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination" (*Ugarriza v Schmieder*, 46 NY2d 471, 474). "Evidence of skidding out of control is only prima facie evidence of negligence on the part of the driver; it does not mandate a finding of negligence. Such evidence together with the explanation given by the driver, presents factual questions for deter-

mination by the jury" (*Vadala v Carroll*, 91 AD2d 865, *affd* 59 NY2d 751; *see, Donitz v Mui*, 247 AD2d 508; *Zimmermann v Spaziante*, 143 AD2d 745, 746). Present—Pine, J.P., Wisner, Scudder, Burns and Gorski, JJ.