■ Nicholas Arricale et al., Appellants, v Renato Leo et al., Respondents. [744 NYS2d 109] —Appeal from an amended judgment of Supreme Court, Erie County (Dillon, J.), entered May 15, 2001, which dismissed the amended complaint upon a jury verdict in favor of defendants.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from an amended judgment entered upon a jury verdict in favor of defendants. Contrary to plaintiffs' contention, Supreme Court properly charged the jury with the Pattern Jury Instructions entitled "Statutory Standard of Care—Vehicle and Traffic Law Violation—Driving to Left of Official Highway Markings" (PJI3d 2:26A [2000] [now PJI3d 2:26A (2002)]) and "Motor Vehicle Accidents—Skidding" (PJI3d 2:84 [2000] [now PJI3d 2:84 (2002)]). Renato Leo (defendant) testified that he crossed over the double yellow line in the center of the roadway and into plaintiff Vivian F. Arricale's lane of traffic because his vehicle was out of control, having skidded as a result of either snow or ice on the road surface. A violation of Vehicle and Traffic Law § 1126 (a) "may be excused if [the driver] exercised reasonable care in an effort to comply" (*Espinal v Sureau,* 262 AD2d 523, 524; *see Dance v Town of Southampton,* 95 AD2d 442, 445). Here, defendant violated that statute when he skidded out of control and crossed the

double yellow line. That violation, however, is only prima facie evidence of negligence (*see Donitz v Mui*, 247 AD2d 508, 508). A triable issue of fact exists whether the conduct of defendant was reasonable under the circumstances, thereby excusing his violation of the statute (*see Espinal*, 262 AD2d at 524). Contrary to plaintiffs' contention, the excuse offered for the statutory violation need not rise to the level of an emergency that would entitle defendants to a charge on the emergency doctrine. A violation of the Vehicle and Traffic Law may be excused by "emergency or other unusual circumstances" (1A NYPJI3d 239 [2000] [now 1A NYPJI3d 251 (2002)]).

Plaintiffs further contend that the court's comments concerning the closing of the courthouse during the trial due to a snowstorm, coupled with the court's charge pursuant to PJI3d 2:84, amounted to a de facto charge on the emergency doctrine. Plaintiffs did not object to the court's comments, however, and thus failed to preserve that contention for our review.

We reject plaintiffs' contention that the court erred in refusing to permit the investigating officer to testify concerning his opinion that defendant's speed was unsafe. That testimony was properly excluded because it lacked a sufficient foundation (*see Barker v Mattison Mach. Works*, 244 AD2d 934, 935). Even assuming, arguendo, that the court erred in excluding the opinion testimony, we conclude that the error is harmless. The officer testified without objection that he filled in the box on the police report indicating that excessive speed was a contributing cause of the accident. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Lawton, JJ.