JESSICA H. SILVERMAN, Appellant, v NANCY SCIARTELLI, as Executrix of JAMES J. SCIARTELLI, Deceased, Defendant, and GENUINE PARTS COMPANY, as Successor in Interest to H.A. HOLDEN, INC., Respondent. (Appeal No. 1.) [808 NYS2d 862]—

Appeal from a judgment of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered January 14, 2005 in a personal injury action. The judgment, among other things, dismissed the amended complaint against defendant Genuine Parts Company, as successor in interest to H.A. Holden, Inc.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she sustained when the vehicle she was operating collided with a vehicle operated by James J. Sciartelli (decedent) and allegedly owned by defendant Genuine Parts Company, as successor in interest to H.A. Holden, Inc. Plaintiff has no memory of the accident, and decedent died from unrelated causes before providing any testimony in this action. At trial plaintiff sought to establish the cause of the accident through the testimony and accident report of the State Trooper who investigated the accident. The Trooper, however, had no independent recollection of the accident or his investigation thereof. Rather, he testified concerning what actions are generally taken when investigating accidents and what he would have done in accordance with that routine.

We conclude that Supreme Court properly refused to allow the Trooper to testify with respect to his opinion concerning the cause of the accident. It is well settled that an expert must give an evidentiary foundation for his or her expert opinion in order to render the opinion admissible (*see Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1, 9 [2005]; *Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *Arricale v Leo*, 295 AD2d 920, 921 [2002]). " '[W]here the expert states his conclusion unencumbered by any trace of facts or data, his testimony should be given no probative force whatsoever . . . [and, i]ndeed, no reason is apparent why his testimony should not simply be stricken' " (*Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533-534 n 2 [1991]). Inasmuch as the Trooper could not give any evidentiary basis for his conclusion, such as location of the vehicles after the accident, the location and direction of skid marks, or the location of divots in the road, we conclude that plaintiff failed to establish a foundation for the Trooper to testify with respect to his opinion concerning the cause of the accident (*see Arricale*, 295 AD2d at 921).

We likewise conclude that the court properly refused to admit the police accident report in evidence. Even though that docu-

ment qualifies as a business record under CPLR 4518, it contained conclusions regarding the cause of the accident while lacking the requisite evidence that such conclusions were based on "postincident expert analysis of observable physical evidence" (*Murray v Donlan*, 77 AD2d 337, 347 [1980], *appeal dismissed* 52 NY2d 1071 [1981]; *see Dennis v Capital Dist. Transp. Auth.*, 274 AD2d 802, 803 [2000]; *Conners v Duck's Cesspool Serv.*, 144 AD2d 329, 329-330 [1988]). Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.