■ ROBERT J. COOK, Appellant, v JESSICA M. GARRANT et al., Respondents, et al., Defendant. [811 NYS2d 801]—

Peters, J. Appeal from that part of an order of the Supreme Court (Demarest, J.), entered April 14, 2005 in Franklin County, which partially denied plaintiff's motion for partial summary judgment.

In February 2002, plaintiff sustained serious injuries as a passenger in a vehicle driven by defendant Kris L. Roberts. The accident occurred when defendant Jessica M. Garrant lost control of her vehicle and crossed into the opposite lane of travel and struck Roberts' vehicle. Since Garrant leased her vehicle from defendants Ford Motor Credit Company, Ford Credit Titling Trust and Ford Credit Titling Trust Insurance Company Service Center (hereinafter collectively referred to as Ford Credit), this action was commenced against Garrant, Roberts and Ford Credit. After joinder of issue, Roberts and Ford Credit each separately moved for summary judgment dismissing the complaint against them and plaintiff moved for summary judgment against Garrant and Ford Credit both on liability and the issue of whether he met the threshold for a finding of serious injury under Insurance Law § 5102 (d). Supreme Court granted Roberts' motion and dismissed the complaint against him, denied Ford Credit's motion and, although it granted plaintiff's motion as to serious injury, it denied his motion on the issue of liability. Only plaintiff appeals.

In our view, plaintiff's proffer of Garrant's deposition testimony, corroborated by Roberts' deposition testimony, constituted sufficient admissible evidence to entitle him to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) against Garrant and Ford Credit (*see* Vehicle and Traffic Law § 388 [1]; *Forbes v Plume*, 202 AD2d 821, 822 [1994]), unless defendants were able to raise a triable issue that the accident occurred as a result of "an emergency situation not of the driver's making" (*Gadon v Oliva*, 294 AD2d 397, 397-398 [2002]; *see Browne v Castillo*, 288 AD2d 415, 415 [2001]; *Forbes v Plume, supra* at 822). Defendants proffered Garrant's testimony to demonstrate that the accident was not foreseeable

because it was not snowing at the time, the road appeared to have been plowed, she was driving 15 miles below the posted speed limit, had her windshield wipers and headlights on and had engaged her four wheel drive feature. Garrant explained that her vehicle suddenly and unexpectedly swerved to her right towards a ditch and, in an effort to regain control, she veered to the left to reenter the road. At that point, her vehicle slid through her lane of travel into the oncoming traffic; she had no trouble controlling her vehicle until this incident. With Roberts' testimony corroborating Garrant's recount that her vehicle was headed toward the ditch before she attempted to regain control, Supreme Court properly exercised its discretion in denying plaintiff's motion for summary judgment since a question of fact was raised as to whether Garrant's loss of control of her vehicle constituted a "qualifying emergency" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]) negating her liability (*see Malatesta v Hopf*, 163 AD2d 651, 653 [1990], *affd* 77 NY2d 828 [1991]); it is for the factfinder to decide the reasonableness of her conduct under these circumstances (*see Rivera v New York City Tr. Auth.*, supra at 327; *MacFarland v Reed*, 257 AD2d 802, 803 [1999]; *compare Bellantone v Toddy Taxi*, 307 AD2d 979 [2003]; *Gadon v Oliva*, supra).

Moreover, even if these circumstances did not create a question of fact regarding a qualifying emergency, a triable issue was raised regarding whether Garrant's statutory violation of the Vehicle and Traffic Law* should be excused (*see Arricale v Leo*, 295 AD2d 920, 921 [2002]; *cf. Carson v De Lorenzo*, 238 AD2d 790, 791 [1997], *lv denied* 90 NY2d 810 [1997]).

Cardona, P.J., Crew III, Lahtinen and Rose, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

* Garrant was charged with a violation of Vehicle and Traffic Law § 1120 (a).