EILEEN SANLY et al., Respondents, v MARSHA A. NOWAK et al., Appellants. [813 NYS2d 321]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered February 18, 2005 in a personal injury action. The order, insofar as appealed from, granted that part of plaintiffs' motion seeking partial summary judgment on the issue of the negligence of defendant Marsha A. Nowak.

It is hereby ordered that the order insofar as appealed from

be and the same hereby is unanimously reversed on the law without costs and that part of the motion seeking partial summary judgment on the issue of negligence is denied.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Eileen Sanly (plaintiff) when a vehicle driven by Marsha A. Nowak (defendant) collided with the vehicle driven by plaintiff. We agree with defendants that Supreme Court erred in granting that part of plaintiffs' motion seeking partial summary judgment on the issue of defendant's negligence. Although the record establishes that defendant's vehicle skidded out of control across the roadway and into the oncoming lane of traffic in which plaintiff was traveling, such conduct "is only prima facie evidence of negligence . . .; it does not mandate a finding of negligence. Such evidence[,] together with the explanation given by [defendant], presents factual questions for determination by the jury" (*Vadala v Carroll*, 91 AD2d 865, 865 [1982], *affd* 59 NY2d 751 [1983]; *see Arricale v Leo*, 295 AD2d 920 [2002]; *Simmons v Weegar*, 292 AD2d 828 [2002]; *see generally Coury v Safe Auto Sales*, 32 NY2d 162, 164 [1973]; PJI 2:84 [2006]). Moreover, although we agree with plaintiffs that defendants are not entitled to rely on the emergency doctrine under the circumstances of this case (*see Caristo v Sanzone*, 96 NY2d 172, 175 [2001]), we nevertheless conclude that there is a triable issue of fact whether defendant's admitted violation of Vehicle and Traffic Law § 1120 (a) may be excused on the ground that defendant's conduct was "reasonable under the circumstances" (*Arricale*, 295 AD2d at 921). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Hayes, JJ.