■ CHRISTINE ARMS, Respondent, v CARLEEN E. HALSEY et al., Appellants. [842 NYS2d 847]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered December 14, 2006 in a personal injury action. The order granted plaintiff's motion seeking to set aside the jury verdict in favor of defendants and for judgment as a matter of law on liability with respect to defendant Carleen E. Halsey.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when a vehicle driven by Carleen E. Halsey (defendant) collided with the vehicle driven by plaintiff. Defendants appeal from an order granting plaintiff's posttrial motion seeking to set aside the jury verdict in favor of defendants and for judgment as a matter of law on liability with respect to defendant. We affirm. The record establishes that the accident occurred when defendant's vehicle skidded out of control on a slushy and slippery highway surface, crossed over into the lane for oncoming traffic and collided with plaintiff's vehicle. Supreme Court instructed the jury, without objection, that "[i]f you find that the Defendant violated [Vehicle and Traffic Law § 1120 (a)], such a violation constitutes negligence. You cannot disregard a violation of the statute and substitute some standard of care other than that set forth in the statute" (*see* PJI 2:26 [2007]).

In opposition to plaintiff's posttrial motion, defendants correctly asserted that it is only an unexcused violation of the Vehicle and Traffic Law that compels a finding of negligence, and

that such a violation " 'may be excused if [the driver] exercised reasonable care in an effort to comply' " with the statute (*Arricale v Leo*, 295 AD2d 920, 920 [2002], quoting *Espinal v Sureau*, 262 AD2d 523, 524 [1999]; *see Sanly v Nowak*, 28 AD3d 1113 [2006]; *Schager v Lino Bordi, Inc.*, 2 AD3d 828 [2003]; *see also Cook v Garrant*, 27 AD3d 984, 986 [2006]; *Simmons v Weegar*, 292 AD2d 828 [2002]; PJI 2:84 [2007]). Nevertheless, the record establishes that defendants failed to object to the court's instruction that the jury must find negligence if Vehicle and Traffic Law § 1120 (a) was violated. That instruction "became the law applicable to the determination of the rights of the parties in this litigation . . . and thus established the legal standard by which the sufficiency of the evidence to support the verdict must be judged" (*Harris v Armstrong*, 64 NY2d 700, 702 [1984]; *see Wittman v Marotta*, 272 AD2d 876 [2000]; *Stepanian v Rozanski*, 195 AD2d 973 [1993], *lv dismissed* 82 NY2d 802 [1993]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Pine, JJ.