■ SUSAN MILLER, Appellant-Respondent, v LORRAINE RICH- ARDSON et al., Respondents-Appellants, and RICHMOND FARMS DAIRY, LLC, et al., Respondents, et al., Defendant. (Appeal No. 1.) [852 NYS2d 530]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered July 19, 2006 in a personal injury action. The order, insofar as appealed and cross-appealed from, denied those parts of plaintiff's motion for partial summary judgment on liability against defendants Richmond Farms Dairy, LLC, and John Richmond, individually and doing business as Richmond Farms Dairy, LLC and/or doing business as Richmond and Sons, and to compel discovery against defendant Louis F. Kaminski, granted the cross motion of defendant Louis F. Kaminski for summary judgment, and denied the cross motion of defendants Lorraine Richardson and Dwayne Richardson seeking a determination with respect to vicarious liability.

It is hereby ordered that said appeal from the order insofar as it denied that part of the motion of plaintiff for partial summary judgment on liability against defendants Richmond Farms Dairy, LLC, and John Richmond, individually and doing business as Richmond Farms Dairy, LLC and/or doing business as Richmond and Sons, and the cross appeal are unanimously dismissed and the order is affirmed without costs.

Memorandum: Plaintiffs Susan Miller and George W. Rapson, Jr. commenced these actions, which were joined for trial, seeking damages for injuries they sustained when a vehicle driven by defendant Lorraine Richardson and owned by defendant Dwayne Richardson (Richardson defendants) made a sudden left turn in front of the motorcycle driven by Rapson, on which Miller was a passenger. According to plaintiffs, the Richardson vehicle was towing a hay wagon owned by defendants Richmond

Farms Dairy, LLC, and John Richmond, individually and doing business as Richmond Farms Dairy, LLC and/or doing business as Richmond and Sons (collectively, Richmond defendants). Although Rapson was driving in the proper lane of travel and applied his brakes, he was unable to avoid the collision.

In appeal No. 1, Miller contends that Supreme Court erred in denying that part of her motion for partial summary judgment on liability against the Richmond defendants. She further contends that the court erred in denying that part of her motion to compel discovery against defendant Louis F. Kaminski and in granting the cross motion of Kaminski for summary judgment dismissing Miller's complaint against him. The Richmond defendants contend in appeal No. 1 that the court erred in denying their cross motion for summary judgment against Miller, and the Richardson defendants, as limited by their brief, contend that the court erred in denying their cross motion seeking a determination that the Richmond defendants are vicariously liable for any negligence on the part of the Richardson defendants with respect to the collision.

In appeal No. 2, Rapson contends that the court erred in denying that part of his motion for partial summary judgment on the issue of liability against the Richardson defendants and the Richmond defendants. The Richmond defendants contend that the court erred in denying their cross motion for summary judgment against Rapson, and the Richardson defendants contend that the court erred in denying their cross motion seeking a determination that the Richmond defendants are vicariously liable for any negligence on the part of the Richardson defendants with respect to the collision.

Finally, in appeal No. 3, Miller contends that the court, upon granting her motion for leave to reargue and that part of the cross motion of the Richardson defendants for leave to renew their opposition to Miller's prior motion, erred in adhering to its prior decision denying that part of Miller's motion for partial summary judgment on liability against the Richmond defendants and in denying that part of Miller's motion for partial summary judgment on liability against the Richardson defendants. The Richardson defendants contend that, upon granting that part of their cross motion for leave to reargue with respect to the Richmond defendants, the court erred in denying their cross motion seeking a determination that the Richmond defendants are vicariously liable for any negligence on the part of the Richardson defendants with respect to the collision.

We note that the Richmond defendants cross-moved for leave to reargue their cross motion for summary judgment on liability

against Miller in appeal No. 1. Because the court by its order in appeal No. 3 granted leave to reargue and, upon reargument, adhered to its prior determination, the Richmond defendants should have appealed from the order in appeal No. 3, which superseded the initial order, rather than from the order in appeal No. 1 (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]). Nevertheless, we exercise our discretion to treat the notice of appeal of the Richmond defendants as valid and deem their appeal as taken from the order in appeal No. 3 (*see* CPLR 5520 [c]; *Kanter v Pieri*, 11 AD3d 912 [2004]). Similarly, the appeal of Miller from the order in appeal No. 1 insofar as it denied that part of her motion for partial summary judgment on liability against the Richmond defendants and the cross appeal of the Richardson defendants must be dismissed (*see Loafin' Tree Rest.*, 162 AD2d 985 [1990]).

We conclude with respect to the orders in appeal Nos. 2 and 3 that the court erred in denying that part of the motion of Miller seeking partial summary judgment on liability against the Richardson defendants and that part of the motion of Rapson seeking partial summary judgment on liability against the Richardson defendants. We therefore modify the orders in appeal Nos. 2 and 3 accordingly. Miller and Rapson met their burden on their motions "by establishing as a matter of law 'that the sole proximate cause of the accident was [Lorraine Richardson's] failure to yield the right of way' to [Rapson]" (*Pomietlasz v Smith*, 31 AD3d 1173, 1174 [2006]), and the Richardson defendants failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Indeed, Lorraine Richardson admitted at her deposition that she did not see Rapson's motorcycle until she had already begun to turn, and Miller and Rapson thus established as a matter of law that Lorraine Richardson "was negligent in failing to see that which, under the circumstances, [s]he should have seen, and in crossing in front of [Rapson's] vehicle when it was hazardous to do so" (*Stiles v County of Dutchess*, 278 AD2d 304, 305 [2000]).

We further conclude with respect to the orders in appeal Nos. 2 and 3 that the court erred in denying the cross motions of the Richmond defendants for summary judgment against Miller and Rapson, respectively, and we therefore further modify the orders in appeal Nos. 2 and 3 accordingly. The Richmond defendants, as a matter of law, are not liable for injuries sustained by Miller and Rapson by virtue of the Richmond defendants' ownership of the hay wagon being towed by Lorraine Richardson at the time of the collision. While Vehicle and Traffic Law § 388 (1) imposes

joint and several liability for negligence on the part of the owners of both a towing vehicle and the vehicle being towed, and a trailer is a "vehicle" within the meaning of Vehicle and Traffic Law § 388 (2), we nevertheless conclude as a matter of law that the hay wagon is not a "trailer" as that term is defined in Vehicle and Traffic Law § 156. The hay wagon is "designed and primarily used for [non-highway] purposes and [is] only occasionally drawn by . . . a motor vehicle" (*id.*).

Finally, we conclude with respect to the order in appeal No. 1 that the court properly granted the cross motion of Kaminski for summary judgment dismissing Miller's complaint against him. We agree with the court's determination that "there is no evidence which would render any theory of liability applicable to [him]." Present—Scudder, P.J., Smith, Centra, Lunn and Peradotto, JJ.