■ SYLVIA B. COPELAND, Respondent, v NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC., et al., Appellants, and JUDITH A. BRAISTED et al., Respondents. [865 NYS2d 182]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered June 1, 2007 in a personal injury action. The order, insofar as appealed from, granted the motion of plaintiff for partial summary judgment on negligence against defendants Niagara Frontier Transit Metro System, Inc., Niagara Frontier Transportation Authority and Robert J. Youngers, Jr.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the bus on which she was a passenger collided with a vehicle driven by defendant Meghan S. Braisted and owned by defendant Judith A. Braisted. Supreme Court properly granted that part of plaintiff's cross motion for partial summary judgment with respect to the negligence of defendants Niagara Frontier Transit Metro System, Inc., Niagara Frontier Transportation Authority and Robert J. Youngers, Jr. (collectively, NFTA defendants). Plaintiff demonstrated her entitlement to judgment as a matter of law by establishing that Youngers, the bus driver, "was negligent in failing to see that which, under the circumstances, he should have seen, and in crossing in front of the [Braisted] vehicle when it was hazardous to do so" (*Stiles v County of Dutchess,* 278 AD2d 304, 305 [2000]; *see* Vehicle and Traffic Law § 1141; *Miller v Richardson,* 48 AD3d 1298, 1300 [2008]; *Gabler v Marly Bldg. Supply Corp.,* 27 AD3d 519, 520 [2006]). The NFTA defendants failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Present—Smith, J.P., Lunn, Fahey and Peradotto, JJ.