■ STEVEN CHRISTOPHER, Respondent, v COACH LEASING, INC., et al., Defendants, and PROGRESSIVE TRANSPORTATION, INC., Appellant. [888 NYS2d 338]—

Appeal from a judgment of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered September 10, 2008 in a personal injury action. The interlocutory judgment, upon a jury verdict, determined the issue of liability in favor of plaintiff and against defendant Progressive Transportation, Inc.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the bus in which he was a passenger collided with a truck operated by Michael P. Pinelli. The bus was operated by an employee of the New York State Department of Correctional Services (DOCS) and was owned by Progressive Transportation, Inc. (defendant). The accident occurred when the bus driver attempted to pass the vehicle driven by Pinelli as Pinelli was making a left turn.

We reject defendant's contention that Supreme Court erred in refusing to charge the jury that the applicable standard for determining defendant's liability is the reckless disregard stan-

dard set forth in Vehicle and Traffic Law § 1104 (e). Because the bus was a "[c]orrection vehicle" (Vehicle and Traffic Law § 109-a) rather than a "police vehicle" (Vehicle and Traffic Law § 132-a), the bus was exempt from traffic regulations governing directions of movement and was subject to the reckless disregard standard of liability only if it satisfied the siren and light requirements set forth in section 1104 (c) (*see generally Abood v Hospital Ambulance Serv.*, 30 NY2d 295, 297-299 [1972]). Here, the evidence presented at trial established that the bus did not satisfy those requirements.

Defendant further contends that the court erred in failing to instruct the jury that Pinelli was an interested witness. We note that the record establishes that, although the court agreed to give that charge, it ultimately neglected to do so. In any event, we conclude that the error is harmless under the circumstances of this case (*see Reichert v City of New York*, 17 AD3d 654 [2005]). We agree with defendant that the court erred in admitting both the testimony of the police officer who responded to the accident concerning Pinelli's statements purportedly explaining how and where the accident occurred, and the officer's report containing Pinelli's statements and the officer's conclusion that the bus crossed a double solid yellow line (*see generally Cover v Cohen*, 61 NY2d 261, 274 [1984]; *Hatton v Gassler*, 219 AD2d 697 [1995]; Prince, Richardson on Evidence § 8-203 [Farrell 11th ed]). We conclude, however, that the error is harmless. Our decision in *Huff v Rodriguez* (45 AD3d 1430 [2007]) does not require a different result. That decision did not create a per se rule of law requiring reversal whenever hearsay testimony and evidence concerning the ultimate issue in a case are admitted but, rather, we decided *Huff* based on the facts presented therein.

Finally, defendant contends that the court erred in allowing plaintiff to cross-examine the bus driver concerning the DOCS disciplinary proceedings against him because the standard of proof for those disciplinary proceedings was greater than the standard of proof required for this action (*see Montes v New York City Tr. Auth.*, 46 AD3d 121, 122-124 [2007]; *Ramirez v Manhattan & Bronx Surface Tr. Operating Auth.*, 258 AD2d 326 [1999], *lv denied* 93 NY2d 817 [1999]). That contention is raised for the first time on appeal and is therefore not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.