**Karen M. MOE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 06–CV–577A.**

United States District Court, W.D. New York.

Nov. 5, 2009.

498

Paul William Beltz, P.C., Stephen R. Foley, of Counsel, Buffalo, NY, for Plaintiff.

Kathleen M. Mehltretter, Acting United States Attorney, Mary K. Roach, Assistant United States Attorney, of Counsel, Buffalo, NY, for Defendant.

## ORDER

RICHARD J. ARCARA, Chief Judge.

The above-referenced case was referred to Magistrate Judge Leslie G. Foschio,

pursuant to 28 U.S.C. § 636(b)(1)(B). On September 14, 2009, Magistrate Judge Foschio filed a Report and Recommendation, recommending that plaintiff's motion seeking partial summary judgment on the issue of liability be granted.

The Court has carefully reviewed the Report and Recommendation, the record in this case, and the pleadings and materials submitted by the parties, and no objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Foschio's Report and Recommendation, plaintiff's motion seeking partial summary judgment on the issue of liability is granted.

The parties shall appear for a meeting to set a trial date as to damages on November 12, 2009 at 9:00 a.m.

SO ORDERED.

## REPORT and RECOMMENDATION

LESLIE G. FOSCHIO, United States Magistrate Judge.

### JURISDICTION

This action was referred to the undersigned on November 24, 2006, by Honorable Richard J. Arcara, for pretrial matters, including report and recommendation of dispositive motions. The matter is presently before the court on Plaintiff's motion for partial summary judgment (Doc. No. 14), filed April 30, 2008.

### BACKGROUND

On August 25, 2006, Plaintiff Karen M. Moe ("Plaintiff" or "Moe"), commenced this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, seeking to recover monetary damages for injuries sustained August 28, 2003, in a motor vehicle collision between Plaintiff and Robin A. Truby ("Truby"), an employee of the United States Postal Service. On November 21, 2006, Defendant United States of America ("Defendant") filed its answer (Doc. No. 3).

On April 30, 2008, Plaintiff filed a motion seeking partial summary judgment on the liability issue (Doc. No. 14) ("Plaintiff's motion"). The motion is supported by the attached Declaration of Stephen R. Foley, Esq. ("Foley Declaration"), with Exhibits A through G ("Plaintiff's Exh(s). ___"), Rule 56 Statement ("Plaintiff's Rule 56 Statement"), and the Memorandum of Law in Support of Summary Judgment Motion ("Plaintiff's Memorandum"). In opposition to summary judgment, Defendant filed on May 29, 2008, September 14, 2009, Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment on the Issue of Liability (Doc. No. 16) ("Defendant's Response"), Defendant's Response to Plaintiff's Rule 56 Statement and Statement Pursuant to Local Rules 56.1(b) and (c) (Doc. No. 17) ("Defendant's Rule 56 Statement"), and Defendant's Appendix to Defendant's Response (Doc. No. 18), attached to which are Defendant's exhibits A through C ("Defendant's Exh(s). ___"). In further support of partial summary judgment, Plaintiff filed on June 13, 2008, the Reply Memorandum of Law in Further Support of Plaintiff's Summary Judgment Motion (Doc. No. 19) ("Plaintiff's Reply"), and the attached Declaration of Stephen R. Foley ("Foley Reply Declaration"), with attached exhibits A and B ("Plaintiff's Reply Exh(s). ___"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion should be GRANTED.

### FACTS

At noon on August 28, 2003, Plaintiff was driving a motorcycle in the Town of Amherst, New York, on Tonawanda Creek Road, a two-lane road with each lane mov-

ing in opposite directions. At the same time, Truby was, in the course of her employment as a postal carrier with the United States Postal Service, driving her personal vehicle, a four-door Buick sedan ("Truby's vehicle"), while delivering mail along a rural postal route on Tonawanda Creek Road. Because Truby's vehicle was a left-side drive vehicle, Truby sat in the front passenger seat of her vehicle, using her left foot to operate the gas and brake pedals, steering the vehicle with her left arm, and driving on the shoulder of the road close enough to the road's edge to allow Truby to use her right arm to deliver mail through the vehicle's front passenger-side window into roadside mailboxes.

In the midst of delivering mail along her rural postal route, Truby realized she had made a "mis-delivery," *i.e.*, erred in delivering mail, at the previous mailbox on Tonawanda Creek Road. Because correcting the mis-delivery required Truby to return to the previous mailbox, Truby turned the vehicle's steering wheel to the left, moving from the shoulder of the road into the roadway of Tonawanda Creek Road and colliding with Plaintiff's passing motorcycle.[1] The impact of the collision threw Plaintiff from the motorcycle and into a patch of grass on the side of Tonawanda Creek Road at its intersection with Orbit Road. Plaintiff was taken by ambulance from the scene of the collision to Erie County Medical Center ("ECMC") in Buffalo, New York.

The Police Accident Report, prepared in connection with the collision describes the collision as occurring when Truby's vehicle, which was on the shoulder of Tonawanda Creek Road, "failed to yield right of way" to the motorcycle driven by Plaintiff "upon re-entering roadway causing" the motorcycle to hit Truby's vehicle. A traffic citation issued at the scene of the accident charged Truby with violating New York Vehicle and Traffic Law ("N.Y. Veh. & Traf. Law") § 1143 (failure of vehicle entering roadway to yield).

As a result of the collision, Plaintiff sustained injuries to her right shoulder, right clavicle, and right foot. In particular, Plaintiff sustained a non-displaced mid-right clavicle fracture, an intra-articular fracture of the distal end of the proximal phalanx of the first digit with angulation at the fracture site, a fracture of the second distal metatarsal shaft, and a right rotator cuff tear. Plaintiff underwent surgical procedures for the rotator cuff tear and placement of two K-pins for the first proximal phalanx fracture.

On February 23, 2004, Truby pleaded guilty in Amherst Town Court to violations of N.Y. Veh. & Traf. Law § 1110(a) (failure to obey traffic-control devices), and § 1201(a) (parking violation).

### DISCUSSION

Defendant does not dispute that according to the FTCA, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674. Complaint ¶ 1; Answer ¶ 1 Nor do the parties dispute that Plaintiff has complied with the FTCA's requirement that prior to commencing legal action, the tort claim must be presented to the appropriate federal agency which either denied the claim or,

---

1. According to Plaintiff, Truby was attempting to negotiate a "u-turn" on Tonawanda Creek Road, Plaintiff's Memorandum at 7, while Defendant maintains Truby was attempting to turn left from Tonawanda Creek Road onto Orbit Road and then execute several additional turns to enable Truby to return to the missed mailbox on Tonawanda Creek Road, Defendant's Response at 5.

after more than six months, failed to make a final disposition of the claim. 28 U.S.C. § 2675(a). Complaint ¶¶ 3–4; Answer ¶ 3–4.

Plaintiff seeks summary judgment on the issue of Defendant's liability for the actions of U.S. Postal Service employee Truby in connection with the August 28, 2003 collision in which Plaintiff was injured. Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir.1991). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. Once a party moving for summary judgment has made a properly supported showing of the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir.1995).

Vague assertions supported only by self-serving statements in the nonmoving party's affidavit are insufficient to defeat a properly supported summary judgment motion. *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990) (non-movant cannot "escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts"); *Reisner v. General Motors Corp.*, 671 F.2d 91, 93 (2d Cir.1982) (disregarding non-movant's self-serving affirmations contradicting prior assertions in depositions, interrogatories and affidavits). "The non-moving party may not rely on conclusory assertions or unsubstantiated speculation [to defeat summary judgment]." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998). Rather, "the non-movant must produce *specific* facts indicating that a genuine factual issue exists." *Wright v. Coughlin*, 132 F.3d 133, 137 (2d Cir.1998) (underlining added). The ultimate inquiry on a summary judgment motion is whether any reasonable jury could find the plaintiff's evidence meets the requisite burden of proof. *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 122–23 (2d Cir.2004).

█ Pursuant to 28 U.S.C. § 1346(b), the instant FTCA action is to be decided "in accordance with the law of the place where the act or omission occurred," here, New York, *Taylor v. U.S.*, 121 F.3d 86, 89 (2d Cir.1997) ("The liability of the federal government under the FTCA is generally determined by state law"), and the parties do not argue otherwise. In support of summary judgment on the issue of Defendant's liability, Plaintiff argues that Truby's violations of N.Y. Veh. & Traf. Law § 1160(e) and § 1143, Plaintiff's Memorandum at 6–9, as well as Truby's failure to observe, with proper use of her senses, Plaintiff before colliding with Plaintiff, *id.* at 9–11, constitute negligence entitling Plaintiff to judgment on liability as a matter of law. In opposition to summary judgment, Defendant argues that the evidence in the record fails to support that Truby violated either N.Y. Veh. & Traf. Law § 1160(e) or § 1143, Defendant's Response at 3–6, and that even if Truby's

negligent operation of her vehicle on August 28, 2003 was a cause of the accident, there are issues of fact as to whether Plaintiff was comparatively negligent requiring apportionment of liability between Plaintiff and Defendant, and precluding summary judgment. *Id.* at 6–9. In further support of summary judgment, Plaintiff asserts that Defendant does not dispute Truby was negligent as a matter of law for failing to observe Plaintiff's motorcycle prior to colliding with it, Plaintiff's Reply at 1–2, that Defendant's own statement of the facts establishes as a matter of law violations of N.Y. Veh. & Traf. Law § 1160(e) and § 1143, *id.* at 2–6, that no fault of Plaintiff contributed to the cause of the collision, *id.* at 6–8, and that there are no material issues of fact requiring trial, *id.* at 8–10.

**1. New York Vehicle and Traffic Law**

In support of summary judgment, Plaintiff argues that the evidence establishes Truby, in attempting to enter the roadway of Tonawanda Creek Road from its shoulder, failed to yield to Plaintiff's vehicle, which was already in the roadway, in violation of N.Y. Veh. & Traf. Law § 1143 ("§ 1143"), and, by attempting to execute a U-turn from the shoulder of Tonawanda Creek Road, violated N.Y. Veh. & Traf. Law § 1160(e) ("§ 1160(e)"). Plaintiff's Memorandum at 6–9. According to Plaintiff, the violation of one or both laws constitutes negligence *per se*, entitling Plaintiff to judgment as a matter of law on the issue of Defendant's liability. *Id.* In opposition to summary judgment, Defendant argues that no evidence establishes Truby was attempting to make a U-turn or pulled into traffic from the shoulder of the road. Defendant's Response at 6.

 Although following the accident, Truby was charged violating § 1143, Police Accident Report, Plaintiff's Exh. A., Truby entered guilty pleas to violations of N.Y. Veh. & Traf. Law § 1110(a) ("§ 1110(a)") (failure to obey traffic-control devices), and § 1201(a) ("§ 1201(a)") (parking violation). Had Truby pleaded guilty to § 1143, the guilty plea, without more, would be insufficient to establish negligence, although the plea is evidence to be considered in deciding liability. *Ando v. Woodberry,* 8 N.Y.2d 165, 203 N.Y.S.2d 74, 168 N.E.2d 520, 522–24 (1960) (holding defendant prior guilty plea to traffic offence may be introduced as evidence of negligence in civil action for damages, and is admissible as a statement against interest).

 Nevertheless, even in the absence of a guilty disposition to a vehicle and traffic violation, whether by plea or after trial, undisputed evidence in the record establishing both a violation of New York's Vehicle and Traffic Law and that the violation was a proximate cause of the accident can support summary judgment on the issue of liability. *Van Doren v. Dressler,* 45 A.D.3d 1366, 844 N.Y.S.2d 794, 794 (4th Dep't.2007) (holding, despite fact neither party was charged with a traffic infraction, plaintiff's undisputed evidence establishing defendant violated § 1143, and that such violation proximately caused accident, entitled plaintiff to summary judgment on liability issue). Evidence establishing both a violation of New York's Vehicle and Traffic Law and proximate cause based on the violation will support summary judgment on the issue of liability provided the violation was not excusable. *See Stalikas v. United Materials, L.L.C.,* 306 A.D.2d 810, 760 N.Y.S.2d 804, 805 (4th Dep't.2003) (holding, in the context of a personal injury action to recover for injuries sustained in five-vehicle collision in which defendant driver was allegedly following too closely in violation of N.Y. Veh. & Traf. Law § 1129, that "even in the event that the jury found that defen-

dants violated the statute, it is evident that, based upon the nonnegligent explanations of defendants credited by the jury, the jury would have found that any violation was excused."). As such, the court considers whether the undisputed evidence in the record establishes that Truby violated either § 1143 or § 1160 and, if so, whether Defendant offers any explanation excusing Truby from negligence for such violation.

■ Plaintiff asserts Truby's deposition testimony establishes Truby violated § 1143 when Truby attempted to enter the roadway of Tonawanda Creek Road from its shoulder to negotiate a U-turn. Plaintiff's Memorandum at 7. Defendant argues there is no evidence that Truby was attempting a U-turn, and that because Truby's vehicle was partially in the roadway and partially on the shoulder of the road, § 1143 does not apply. Defendant's Response at 5. In further support of summary judgment, Plaintiff asserts that whether Truby was attempting a U-turn or a left turn is irrelevant and that the definition of "roadway" under relevant New York law is broad enough to include the location of Truby's vehicle prior to attempting the turn. Plaintiff's Reply at 4–5.

■ Plaintiff also argues that Truby violated § 1160 by failing to execute a U-turn from the shoulder of the Tonawanda Creek Road, rather than from the point in the road closest to the center line. Plaintiff's Memorandum at 9. In opposition, Defendant again asserts that because Truby was attempting a left turn onto Orbit Road, rather than a U-turn on Tonawanda Creek Road, § 1160(e) is inapplicable. Defendant's Response at 3–4. In further support of summary judgment, Plaintiff asserts that regardless of whether Truby intended to make a U-turn or a left turn, Truby's failure to execute the turn from

the point in the roadway closest to Tonawanda Creek Road's center line constituted a violation of § 1160.

The parties' differing opinions as to whether the accident occurred when Truby was attempting to make a U-turn or a left turn, as well as whether Truby attempted to execute the fateful turn while her vehicle was entirely within the shoulder or partially within the roadway of Tonawanda Creek Road, permeate the discussion as to whether Truby violated either § 1143 or § 1160(e). As such, the court resolves these issues first.

As to whether Truby was attempting a left turn or a U-turn, Plaintiff maintains that Truby was attempting to negotiate a U-turn from the shoulder of Tonawanda Creek Road, Plaintiff's Memorandum at 7, while Defendant maintains Truby was partially in the roadway of Tonawanda Creek Road and attempting to turn left onto Orbit Road and then execute several additional turns to enable Truby to return to the missed mailbox on Tonawanda Creek Road. Defendant's Response at 5. This argument is, however, purely academic because the statute governing both left and U-turns require such turns be made from the portion of the roadway nearest the center line. Specifically, with regard to both left turns on two-way roadways, and U-turn, § 1160 provides for such turns to be made from that portion of the road nearest the center line. N.Y. Veh. & Traf. Law § 1160(b) ("an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof . . . ."), and § 1160(e) ("U-turns shall be made from and to that portion of the highway nearest the marked center line. . . ."). Accordingly, Plaintiff's argument is construed as asserting that Truby failed to move to the portion of Tonawanda Creek Road nearest the center

line prior to attempting her turn, whether a U-turn or a left turn.

With regard to whether Truby's vehicle was entirely on the shoulder of the road, or was partially in the roadway, relevant New York law defines "roadway" as "[t]hat portion of a highway improved, designed, marked, or *ordinarily* used for *vehicular travel, exclusive* of the *shoulder* and slope." N.Y. Veh. & Traf. Law § 140 ("§ 140") (underlining added). Whether Truby's vehicle was entirely within the shoulder of the road, or was partially within the roadway, also is immaterial given that Truby does not deny that when she attempted the fateful turn, Truby was not traveling with traffic in Tonawanda Creek Road's roadway. *See* Truby Deposition Tr.[2] at 57 (describing that immediately prior to attempting to negotiate the turn she "was stopped on the side of the road double-checking the mail ..." and that Truby's vehicle was "[s]lightly off the road .... [o]n the shoulder—kind of on the shoulder."). The court's research as to whether a vehicle that is at least partially on the shoulder of a road is exempted from yielding to passing vehicles has revealed nothing, nor does Defendant point to any caselaw supporting this position. Moreover, that § 140 specifically excludes from the road's "shoulder" from the definition of "roadway" requires the court to interpret § 140 as considering a vehicle as in the roadway only if the vehicle is entirely within the roadway. *People v. Finnegan,* 85 N.Y.2d 53, 623 N.Y.S.2d 546, 647 N.E.2d 758, 760 ("The governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used."),

*cert. denied,* 516 U.S. 919, 116 S.Ct. 311, 133 L.Ed.2d 214 (1995). This construction is consistent with the Police Accident Report prepared in connection with the accident, which Defendant does not contradict, describing the collision as occurring when Truby's vehicle, which was on the shoulder of Tonawanda Creek Road, "failed to yield right of way" to the motorcycle driven by Plaintiff "upon re-entering roadway". Police Accident Report, Plaintiff's Exh. A. As such, the record establishes, as a matter of law, that Truby's vehicle was not in the "roadway," as defined by § 140, when Truby attempted to execute the turn at issue. The court thus considers whether undisputed evidence in the record establishes a violation of § 1143 or § 1160.

According to § 1143,

> The driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed.

N.Y. Veh. & Traf. Law § 1143.

Here, because Truby's vehicle was not in the roadway when Truby attempted to execute the turn, Truby was required to yield the right of way to Plaintiff who was approaching on the motorcycle, and the failure to do so constitutes a violation of § 1143 sufficient to establish negligence as a matter of law. *See Jacino v. Sugerman,* 10 A.D.3d 593, 781 N.Y.S.2d 663, 665 (2d Dep't.2004) (holding plaintiff entitled to judgment, as a matter of law, where defendant exited parking space on shoulder of road, pulling into roadway and entering the plaintiff's lane of traffic, without first ascertaining whether there was oncoming traffic, and stating that the plaintiff "has the right-of-way and was entitled to antici-

---

**2.** References to "Truby Deposition Tr." are to the page of the transcript of Truby's deposi-

tion, a copy of which is filed as Plaintiff's Exh. D.

pate that [the defendant] would obey traffic laws which required her to yield.").

It is also undisputed that Truby did not negotiate the turn from that portion of the road nearest the center line, as required by § 1160. *See* Truby Deposition Tr. at 57 (describing that immediately prior to attempting to negotiate the turn she "was stopped on the side of the road double-checking the mail ..." and that Truby's vehicle was "[s]lightly off the road .... [o]n the shoulder—kind of on the shoulder."). *See* also Defendant's Response at 5 ("the undisputed facts of this case establish that the Truby vehicle was partially in the roadway and partially on the shoulder of the road immediately prior to the accident."). This fact is consistent with the Police Accident Report that Truby, "upon re-entering the roadway" failed to yield the right of way to Plaintiff. Plaintiff's Exh. A. As such, the evidence establishes at a matter of law that Truby violated either § 1160(b) or § 1160(e) of N.Y. Veh. & Traf. Law.

■ The record also establishes no material issue of fact that the violations of § 1143 and § 1160 proximately caused the accident. In particular, the Police Accident Report attributes the cause of the accident to Truby. *See* Police Accident Report, Plaintiff's Exh. A (describing Truby failed, upon reentering the roadway, to yield the right of way to Plaintiff, "*causing* [Plaintiff's vehicle] to hit [Truby's vehicle]") (italics and bracketed material added). Truby was initially charged in the Police accident report with violating § 1143. *Id.* Significantly, nowhere in the record does Truby deny causing the accident in her failed attempt to correct an earlier mis-delivery.

■ Accordingly, the record establishes that Truby, in attempting to turn from other than the portion of the roadway nearest the center line of Tonawanda Creek Road, and failing to yield to Plaintiff who was driving by in the roadway and had the right of way, violated both § 1143 and § 1160, and that such violations proximately caused the accident. *See Van Doren*, 844 N.Y.S.2d at 794 (granting summary judgment in favor of plaintiff who met initial burden of proof that defendant violated § 1143 and that such violation proximately caused accident, in light of defendant's failure to submit any evidence that defendant was not negligent, or that any negligence on defendant's part was not a proximate cause of the accident).

■ Nor has Truby proffered any evidence establishing any question of fact as to whether her violations of § 1143 and § 1160 was excusable. Although an unexcused violation of New York's Vehicle and Traffic Law is negligence, *Martin v. Herzog*, 228 N.Y. 164, 126 N.E. 814, 815 (1920) (holding violation of highway law is negligence, rather than mere evidence from which a jury can find negligence), where the evidence establishes that a defendant violated New York's Vehicle and Traffic Law, such violation may be excused if the defendant establishes that reasonable care was exercised in an effort to comply with the statute. *See Arms v. Halsey*, 43 A.D.3d 1419, 842 N.Y.S.2d 847, 848 (4th Dep't.2007) (stating a violation of New York's Vehicle and Traffic Law compels a finding of negligence, but such violation "may be excused if the driver exercised reasonable care in an effort to comply with the statute." (internal quotations and brackets omitted)). For example, in *Tomaselli v. Goldstein*, 104 A.D.2d 872, 480 N.Y.S.2d 382 (2d Dep't.1984), a defendant driver, whose vehicle jumped a highway divider and crossed over the center lane striking another vehicle, was permitted to present evidence supporting the defendant's proffered excuse that the defendant's vehicle had been sideswiped by an-

other vehicle. No evidence of such a ground for excusing Truby's failure to yield and unsafe operation of her vehicle is present in this record.

Accordingly, the record establishes, as a matter of law, that Truby violated both N.Y. Veh. & Traf. Law § 1143 and § 1160, and that such violation constituted negligence proximately causing the August 28, 2003 accident in which Plaintiff was injured.

### 2. Failure to Observe with Proper Use of Senses

■ Although the record establishes Truby's violations of N.Y. Veh. & Traf. Law § 1143 and § 1160 constituted negligence and proximately caused the accident in which Plaintiff was injured, because the matter is before the undersigned for a Report and Recommendation, Plaintiff's alternative argument that Truby's failure to observe that which, under the facts and circumstances, Truby should have seen with proper use of her senses, specifically, a visual observance of Plaintiff's oncoming motorcycle in the roadway of Tonawanda Creek Road. Plaintiff's Memorandum at 9–11. Defendant's papers filed in opposition to summary judgment do not respond to this argument.

■ It is well-established law that a person, including the operator of a motor vehicle, has a duty to see what should be seen by the proper use of his senses. *Weigand v. United Traction Co.*, 221 N.Y. 39, 116 N.E. 345, 345 (1917) (plaintiff pedestrian, while crossing trolley tracks, "was bound to see what by the proper use of her senses she might have seen," including defendant's railroad trolley car that was in full view and approaching from direction in which the plaintiff "kept looking until she was struck"); *LeClaire v. Pratt*, 270 A.D.2d 612, 704 N.Y.S.2d 354, 355 (3rd Dep't.2000) (plaintiff motorist was obligat-

ed to stop at controlled intersection and yield right-of-way to vehicle which plaintiff, with proper use of her senses, should have seen was approaching so closely as to present an immediate hazard); *Duffy v. County of Chautauqua*, 225 A.D.2d 261, 649 N.Y.S.2d 297, 300 (4th Dep't.1996) (truck driver had duty "to see what was there to be seen, including the road signs...."). Further, a driver's admission that she failed to see a motorcycle until after beginning to execute a turn has been held, as a matter of law, to constitute negligence based on failure to see that which, under the circumstances, should have been observed. *See Miller v. Richardson*, 48 A.D.3d 1298, 852 N.Y.S.2d 530, 532 (4th Dep't.2008) (defendant driver admitted at her deposition she did not see plaintiff's motorcycle until after she had begun to turn, establishing negligence as a matter of law for failing to see that which, under the circumstances, that which the driver should have seen, and crossing in front of the motorcycle when it was hazardous to do so). Similarly, in the instant case, statements Truby made at her deposition establish that Truby was negligent for failing to see that which Truby should have seen with her senses.

In particular, Truby admitted that prior to entering the roadway from the shoulder, while seated in the vehicle's front passenger seat, she checked for on-coming traffic by looking in the vehicle's interior rearview mirror, but did not check either side mirror. Truby Deposition Tr. at 65–66. Truby's view through the vehicle's rearview mirror was not obstructed by any items inside the vehicle, such as parcels, boxes, or any mail items. *Id.* at 66. Truby described the impact of her vehicle colliding with Plaintiff's motorcycle as "instant" after Truby commenced negotiating the turn. *Id.* Defendant does not contest Plaintiff's description of the weather on

August 28, 2003 as "a beautiful day, 80 degrees, sunny," and the road conditions as "good." Moe Deposition Tr.[3] at 15. Nor is there any evidence in the record from which a reasonable jury could infer that Truby's failure, under the circumstances, to observe Plaintiff's approaching motorcycle prior to pulling into its path was anything other than negligent.

As such, Truby's admissions during her deposition establish that Truby was negligent in failing to see, under the circumstances, that which Truby should have seen with the proper use of her visual senses, and turning in front of Plaintiff's motorcycle. *Miller*, 852 N.Y.S.2d at 532.

### 3. Comparative Negligence

In opposition to summary judgment, Defendant asserts that Plaintiff's own negligence contributed to the cause of the accident, precluding summary judgment. Defendant's Response at 6–9. Although an apportionment of some fault to Plaintiff for the accident will not entirely preclude Plaintiff from recovering damages, a genuine issue of material fact as to whether Plaintiff was comparatively negligent in causing the accident will preclude summary judgment in Plaintiff's favor. *Ruthinoski v. Brinkman*, 63 A.D.3d 900, 882 N.Y.S.2d 165, 166 (2d Dep't.2009) (holding genuine issues of material fact as to whether any comparative negligence on the part of one driver contributed to motor vehicle accident precluded summary judgment on issue of liability).

 Defendant particularly argues that Plaintiff was following Truby's vehicle too closely, in violation of N.Y. Veh. & Traf. Law § 1129, and failed to sound her horn as she passed Truby in a no-passing zone, in violation of N.Y. Veh. & Traf. Law § 1122, establishing Plaintiff was comparatively negligent, requiring a trier of fact to apportion liability between Plaintiff and Defendant. Defendant's Response at 6–9. In further support of summary judgment, Plaintiff maintains that Defendant's assertion that the accident occurred in a "no passing zone" is irrelevant given that Truby's vehicle was on the shoulder of the road, and that Defendant has misinterpreted the referenced statutes regarding adequate space between vehicles and sounding a horn prior to passing Defendant. Plaintiff's Reply at 6–8.

Defendant's arguments are based on N.Y. Veh. & Traf. Law § 1122 ("§ 1122") and § 1129(a) ("§ 1129(a)"). As relevant, § 1122 provides that

> The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.

N.Y. Veh. & Traf. Law § 1122(a).

> Section 1122 also provides that
> the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.

N.Y. Veh. & Traf. Law § 1122(b).

Section 1122 thus governs only the overtaking and passing of a vehicle proceeding in the same direction in the same lane of the roadway, and does not pertain to a vehicle in the roadway passing a vehicle at the shoulder or side of the road as happened in the instant case. Significantly, because passing Truby's vehicle, located on

---

**3.** References to "Moe Deposition Tr." are to the page of the transcript of Moe's deposition, a copy of which is filed as Plaintiff's Exh. C.

the shoulder of the road, did not require Plaintiff to move from the right side of the roadway, Plaintiff never had to return to the right side of the roadway, and the issue of whether Plaintiff was required to sound the motorcycle's horn prior to moving back to the right side of the roadway is irrelevant.

■ Defendant also argues that Plaintiff violated § 1129 by following Truby's vehicle too closely. Although following a vehicle too closely is a violation of § 1129, in the instant case, the record is devoid of any evidence that Plaintiff's motorcycle, which Plaintiff was driving in the roadway of Tonawanda Creek Road, was following Truby's vehicle on the shoulder of Tonawanda Creek Road prior to the collision. Absent some evidence establishing otherwise, there is no merit to this argument.

Accordingly, the record fails to establish that any negligence on the part of Plaintiff was a proximate cause of the August 28, 2003 accident, precluding summary judgment.

### CONCLUSION

Based on the foregoing, Plaintiff's motion seeking partial summary judgment on the issue of liability (Doc. No. 14) should be GRANTED; the matter should be scheduled for trial only as to damages.