Chwojdak v Schunk (2023 NY Slip Op 00770)

Chwojdak v Schunk

2023 NY Slip Op 00770

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

926 CA 22-00162

[*1]GARY CHWOJDAK AND KAREN CHWOJDAK, PLAINTIFFS-APPELLANTS,
v
MICHAEL D. SCHUNK, DEFENDANT-RESPONDENT. 

FRANCIS M. LETRO ATTORNEYS AND COUNSELORS AT LAW, BUFFALO (CAREY C. BEYER OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Dennis E. Ward, J.), entered January 10, 2022. The judgment dismissed the complaint upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the posttrial motion is granted, the verdict is set aside, the complaint is reinstated, and a new trial is granted.
Memorandum: Plaintiffs commenced this action seeking damages for injuries that Gary Chwojdak (plaintiff) sustained when a vehicle operated by defendant collided with a vehicle operated by plaintiff. The collision occurred while plaintiff's vehicle was stopped at a red light in the left-turn-only lane. The vehicle operated by defendant veered from a through-traffic lane and struck plaintiff's vehicle from behind. Following a trial on liability, the jury rendered a verdict in favor of defendant, and plaintiffs moved to set aside the verdict based on, inter alia, Supreme Court's admission at trial of a police report containing a police officer's conclusions that a contributing factor of the collision was slippery pavement, and admission of that officer's testimony with respect to that conclusion. The court denied the motion and issued a judgment dismissing the complaint on the merits. We reverse.
Here, although the officer who authored the police report and testified at the trial was qualified as an expert witness, he testified prior to trial that he did not witness the collision and that his conclusion regarding the cause of the collision was based solely on hearsay—i.e., defendant's statements after the collision—as well as the officer's own observations of the weather conditions at some undetermined time after the accident. "It is well settled that an expert must give an evidentiary foundation for his or her expert opinion in order to render the opinion admissible" (Silverman v Sciartelli, 26 AD3d 761, 762 [4th Dept 2006], citing, inter alia, Buchholz v Trump 767 Fifth Ave., LLC, 5 NY3d 1, 9 [2005]; and Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Inasmuch as the officer's testimony was based on an inadmissible exculpatory statement and post-collision observations of only the weather, we agree with plaintiffs that the court erred in admitting the testimony of the officer regarding his opinion on the cause of the accident (see Christopher v Coach Leasing, Inc., 66 AD3d 1522, 1523 [4th Dept 2009]). Indeed, the officer failed to provide an evidentiary basis for his conclusion that a contributing factor of the collision was slippery pavement, such as through examination of the roadway for skid marks in the snow or other evidence that defendant's vehicle slid into plaintiff's vehicle. In the absence of such an independent examination, on the facts of this case, we conclude that defendant failed to establish a foundation for the officer to testify with respect to his opinion concerning the cause of the accident (see Silverman, 26 AD3d at 762; Arricale v Leo, 295 AD2d 920, 921 [4th Dept 2002]).
We likewise conclude that the court erred in admitting the partially redacted police [*2]accident report in evidence. Although a police report is generally admissible as a business record (see CPLR 4518; Silverman, 26 AD3d at 762-763), "statements contained in the report concerning the cause of an accident constitute inadmissible hearsay unless" a relevant exception applies (Huff v Rodriguez, 45 AD3d 1430, 1432 [4th Dept 2007]). Here, because the conclusion regarding the cause of the collision contained in the police accident report was based on an inadmissible exculpatory statement from defendant, it did not fall within a hearsay exception and was improperly admitted (see id.).
Further, under the circumstances of this case, we conclude that the erroneous admission of the police accident report and the officer's testimony " 'cannot be deemed harmless because the report [and the officer's testimony] bore on the ultimate issue to be determined by the jury' " (id.; cf. Christopher, 66 AD3d at 1523; see generally Carr v Burnwell Gas of Newark, Inc., 23 AD3d 998, 1000 [4th Dept 2005]). We therefore reverse the judgment, grant plaintiffs' posttrial motion, set aside the verdict, reinstate the complaint, and grant a new trial. In light of our determination, we do not address plaintiffs' remaining contentions.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court